### ALBERT D. NICOLAY et al., Respondents, *v.* CHARLES UNGER et al., Appellants.

In an action to recover moneys paid for a forged bond, alleged to have been sold by defendants to plaintiffs, the defense was that the bond was sold by W., the owner, and was simply delivered by defendants, who held it, as security for a loan. A witness for defendants having testified to the transactions within his knowledge, was asked whether defendants' firm ever sold the bond to plaintiffs, this was objected to and excluded. *Held,* no error, as it called upon the witness to place a construction upon the facts, which was for the jury to do.

*De Wolf* v. *Williams* (69 N. Y., 621) ; *Knapp* v. *Smith* (27 id., 281); *Sweet* v. *Tuttle* (14 id., 471) ; *Davis* v. *Peck* (54 Barb., 431), distinguished.

W., as a witness for defendants, testified that he sold the bond in question, and four others of the same description, to plaintiffs, and upon cross-examination that he was owner of the bonds. Plaintiffs produced, and were permitted to give in evidence, a memorandum, in the handwriting of W., showing that four of the bonds belonged to another person, also a check given for the purchase-money, which was made payable to that person. *Held,* no error.

Defendants' counsel requested the court to charge that, if defendants received the proceeds of the sale of the bond from the plaintiffs, and applied them in payment of a loan, for which they held it as collateral, they were entitled to a verdict. The court so charged, adding, however, this proviso, if the owner of the bond sold it, or plaintiffs knew or had reason to believe that W. was the owner, or that defendants were acting for others in selling ; the proviso was excepted to. *Held,* no error ; that the proposition contained in the request to charge was untenable.

(Argued January 22, 1880 ; decided February 3, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover back the purchase-price paid by plaintiffs for a forged bond, alleged to have been sold to them by defendants. Defendants claimed that plaintiffs purchased the bond of one Wolfshon, who was the owner ; that he had pledged it as collateral security for a loan to one Schumacher, who pledged it, with others, to defendants; that the defendants simply delivered it by the direction of Schumacher, received the purchase-price and credited the same to Schumacher.

The facts appear sufficiently in the opinion.

*Ira D. Warren*, for appellants. The court erred in excluding the question to the witness Nicolay, whether he or defendants were ever directed by the owner to sell any of the bonds. It was a question of fact. (*Allen* v. *Patterson*, 3 Seld., 476; *De Wolf* v. *Williams*, 67 N. Y., 622.) The court erred in receiving in evidence the declarations of the witness Wolfshon. (*Erben* v. *Lorillard*, 19 N. Y., 299.) The court erred in charging that plaintiffs, in dealing with the defendants, were justified in presuming that they were owners, and that to rebut this presumption they were bound to notify plaintiffs that they were not. (*Ketchum* v. *Bank of Commerce*, 19 N. Y., 499; *Baker* v. *Arnott*, 67 id., 448.) A statement that defendants had the bonds for sale was no evidence that they sold them. (*Jewell* v. *Poor*, 13 C. B., 916; E. C. L. R., 96.) Confessions or admissions of a party are the weakest and most dangerous kind of evidence and should be scrutinized and received with great caution. (*Garrison* v. *Aiken*, 2 Barb., 25; *Law* v. *Merrill*, 6 Wend., 268; *Hadden* v. *N. Y. Silk Co.*, 1 Daly, 338; *Stevens* v. *Croman*, 18 Barb., 250; 1 Greenleaf [13th ed.], 199, § 200, note 1.) The declaration of defendants' clerk raised only a presumption of the existence of the fact declared which was completely rebutted by evidence that the fact did not exist. (Wharton on Evidence, §§ 1075, 1077; *Elwood* v. *W. U. T. Co.*, 45 N. Y., 549.)

*Albert Stickney*, for respondents. The money paid for a forged bond can be recovered from the party receiving it. (*Gomperty* v. *Bartlett*, 2 Ellis & Bl., 254; *Gurney* v. *Wormsly*, 4 id., 133; *Young* v. *Cole*, 3 Bing. [N. C.], 730; *Markle* v. *Hatfield*, 2 J. R., 455; *Holt* v. *Ross*, 54 N. Y., 472.) Whether this transaction was or was not a sale by the defendants acting in their own behalf, was a question of mixed law and fact, as to which no witness could give his mere opinion. (*De Witt* v. *Baily*, 17 N. Y., 340; 9 id., 370; *Miller* v. *Long Island R. R. Co.*, 71 id., 381; *Carpenter* v. *Eastern*

*Trans. Co.*, 71 id., 574; *Lincoln* v. *Saratoga R. R. Co.*, 23 Wend., 425; *Mayor of N. Y.* v. *Pentz*, 24 id., 668.)

MILLER, J. If the defendants were the mere pledgees of the bond in controversy, and held it as security for a loan made to Schumacher, and the owner, Wolfshon, sold the bond to the plaintiffs, it is entirely plain that the plaintiffs cannot recover in this action. Whether the plaintiffs purchased the bond of the defendants without knowledge of any ownership by any one except the defendants, and believed that the defendants were the owners with sufficient reason to warrant such a conclusion, was the question of fact which was controverted upon the trial. If that was established by the evidence, then a case was made out which warranted a recovery. It is true that the plaintiffs first heard that bonds of this description were for sale by means of Wolfshon, and it was the information thus received which was the cause of the purchase. Each one of the plaintiffs gave evidence upon the trial that the purchase was made by the defendants, and the tendency of their testimony is to show that such purchase was made without any knowledge of the alleged ownership by any other person besides the defendants, and under the belief that the defendants were the owners absolutely, and that the entire transaction in regard to the sale was with them. Although this testimony was contradicted by evidence produced upon the trial by the defendants, and conceding that some portions of the evidence may be liable to criticism, it was nevertheless a fair question for the jury to determine how the fact was, and as they have found in favor of the plaintiffs, their determination must be regarded as conclusive, and cannot, within well settled rules, be the subject of review in this court. It follows, therefore, that no error was committed by the judge in denying the motion to dismiss the complaint.

The question put to one of the witnesses for the defendants, inquiring whether the firm ever sold the bond to Mr. Nicolay, as well as the other two questions of a similar

character and embodying the same idea substantially, were, we think, properly overruled, for the reason that an answer to each of them called for a construction which the witness would place upon the facts which took place or his opinion in reference to the same. The witness had stated the facts within his knowledge, and the questions put called upon him, in the place of the jury, to determine what the contract was. The questions related to the main issue to be tried, whether there was a sale by the defendants to the plaintiffs. The witness had stated the conversation and the facts of which he had knowledge, and it was for the jury to draw the inference to be derived from his evidence. The defendants would receive all the advantage which would flow from the evidence given in regard to what transpired between the parties, and it would not add to its weight or increase its effect by proof of the conclusion of the witness. Its rejection, therefore, would not prejudice the defendants or furnish any ground for a new trial.

We have been referred to some reported decisions which are claimed as establishing that the questions put were competent; but a careful examination of the principal cases relied upon evinces that they are not analogous. It is not difficult to see that it is entirely competent to prove under some circumstances as a fact what under others might be regarded as a mere conclusion of law and would be clearly inadmissible. There are cases which hold that where the question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, it is admissible: (*De Wolf* v. *Williams*, 69 N. Y., 621; *Knapp* v. *Smith*, 27 id., 277; *Sweet* v. *Tuttle*, 14 id., 465; *Davis* v. *Peck*, 54 Barb., 425.) But in these cases the testimony does not, as in the case before us, present the transaction and involve the construction of the facts proved by the witness himself. The decisions are numerous that such evidence, when the whole issue in the case turns upon it, is incompetent. (See *Miller* v. *L. I. R. R. Co.*, 71 N. Y., 380; *Carpenter* v. *Eastern Trans. Co.*, id., 574; *De Witt* v.

*Barley*, 17 id., 349; S. C., 9 id., 371; *Lincoln* v. *S. and S. R. R. Co.*, 23 Wend., 425.) The question discussed comes very near the border line, and the distinction between the two classes of cases is a close one, so that it is often a matter of discretion, when such is the fact, with the judge before whom the trial is had, to decide as to the right to put questions of this kind ; but it would be opening a wide door to allow witnesses to swear as to the construction of a contract under circumstances like those presented in this case. If the defendants could be allowed to testify directly that no sale was made, the plaintiffs could be allowed, for the same reason, to swear that it was ; it would leave it for the jury to determine the case upon these opinions of interested or partisan witnesses, and take from the province of the jury the duty of deciding from the facts sworn to.

The memorandum and the check relating to the sale of other bonds to the plaintiffs by Wolfshon were properly received as evidence. Wolfshon had sworn, on his direct examination, to the sale of this bond, and four more of the same description, to the plaintiffs, and upon his being cross-examined, testified that he was the owner of these bonds. To contradict him, and to show that he was not the owner, it was proper to prove by the memorandum in his own handwriting, that he admitted that four of them belonged to another person as·the memorandum stated, and that the check for the price, payable to such person, was delivered to Wolfshon. So, also, it was competent to contradict Wolfshon by proof that what was said between him and one of the plaintiffs was different from his evidence, and thus give the plaintiffs' version of the transaction.

The defendants' counsel requested the court to charge that " if the defendants received the proceeds of the sale of this bond from the plaintiffs, and applied it in payment of a loan for which they held the bond as collateral security, the defendants are entitled to a verdict." The court thereafter said : " I charge that—with a proviso—provided the owner of the bond sold it, or plaintiffs knew, or had reason to

believe, that Wolfshon was the owner, or that defendants were acting for others, either for Wolfshon or Schumacher, in selling the bond." To which portion of the charge the defendants excepted. We are unable to see any valid ground of objection to the modification made. The proposition alone was not sound, because the fact that the defendants applied the proceeds in payment of any loan was of no consequence if the defendants actually sold the bond to the plaintiffs. They could not be affected by the acts of the defendants in this respect, unless they purchased it of the owner, or had some knowledge or reason to believe that the defendants were acting for the owner, or some one besides themselves. There was no such assumption in this part of the charge, that the defendants sold the bond, as was unauthorized by the evidence, and it was not erroneous.

The portion of the charge to which exception was taken was favorable to the defendants. It stated correctly under what circumstances the defendants might be relieved from liability. That the defendants had dealing with the plaintiffs in the disposal of the bond is very manifest, for the plaintiffs obtained the bond of them without regard to the question whether there was a sale. The objection to this portion of the charge rests mainly upon the assumption that the testimony of the defense was controlling, and that certain facts were proved. The exception was general, and no request was made to the court to call the attention of the jury to these facts, as should have been done if they were deemed important. The first part objected to was manifestly correct; and even if the balance had been erroneous, the exception was not well taken. But we think the whole of it was sound, and not liable to exception.

No other points are made which demand particular consideration.

The judgment should be affirmed.

All concur, except CHURCH, Ch. J., and RAPALLO, J., not voting. FOLGER, J., concuring in result.

Judgment affirmed.