HILDICK *v.* WILLIAMS *et al.*

(*City Court of Brooklyn, General Term.* December 28, 1888.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS—EXECUTORS.

Plaintiff deposited with defendants' testator, for safe-keeping, certain bonds, which, after testator's death, came into defendants' possession. On their refusal to deliver the bonds, plaintiff sued defendants individually for their possession. The sole defense was that plaintiff had deposited the bonds as a gift to her daughter, for whom defendants held them, and that they could therefore deliver them to no one without the daughter's consent. *Held,* that plaintiff was competent to testify as to the circumstances of the deposit, and to explain why testator had in his possession the receipt originally given by him to her, as defendants did not claim or derive title through their testator, within Code Civil Proc. N. Y § 829, providing that a party to or person interested in the result of an action shall not testify as to any personal transaction or communication had with a person since deceased, in an action against the executor, etc., or any person claiming title under such deceased person.

Appeal from trial term.

Action by Julia D Hildick against David T. Williams and Isaac M. Hunt, to recover certain bonds which had been deposited by plaintiff with Benjamin L. Guion, defendants' testator, for safe-keeping, and thus came into defendants' possession. The defendants were sued individually, and their only defense was that the bonds were not plaintiff's, but belonged to Eleanor Hildick, for whom they held them. Upon plaintiff's examination she was asked certain questions which were calculated to and did bring out personal transactions and communications had with said Guion. These questions were admitted, and the jury returned a verdict for plaintiff, which the court afterwards set aside, and plaintiff appeals. The verdict was set aside because the trial court concluded the evidence referred to was erroneously admitted under Code Civil Proc. N. Y. § 829, which provides that no party to or person interested in the result of an action shall testify relative to any personal transaction or communication had with a person since deceased, when such action is by or against the executor of, or any person claiming title through, such deceased person.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Charles N. Judson,* for appellant. *Smith, Woodward & Buckley,* for respondents.

CLEMENT, C. J. This action was brought to recover the possession of six bonds, issued by the Union Pacific Railroad Company, with the coupons, of the value of $7,290, and a verdict was rendered by the jury for the plaintiff, which was afterwards set aside by the learned trial judge, and from the order granting a new trial this appeal is taken. The plaintiff alleged in her complaint that she was the owner of the bonds in question, and that she deposited the same with Benjamin L. Guion for safe-keeping; and that said Guion died on March 24, 1887, having said bonds in his possession; and that subsequently the defendants, who were the executors of his last will, came into possession of said bonds; and that on November 26, 1887, the plaintiff demanded the same. The defendants in their answer admit the demand and refusal, and deny each and every other allegation in the complaint; and further allege that they, as executors of said Guion, found the said six bonds in the box of the deceased, in a safe-deposit company in New York city, with other property of said deceased. The defendants, for a further and separate defense, allege that in the year 1885 the plaintiff delivered the bonds to Mr. Guion "to hold the same as the property of Eleanor Hildick, a daughter of the plaintiff," and that the six bonds were the property of the daughter, and not of the plaintiff. The plaintiff proved by the testimony of John W. Macy, her son, and by papers in the handwriting of Mr. Guion, that in the year 1882 the said Guion had in his possession eleven bonds of the Union Pacific Company, five of which

belonged to the said John W. Macy, and six to the plaintiff; and David T. Williams, one of the defendants, testified that in the box of the deceased in the safe-deposit company he found eleven such bonds, six of which he produced in court, (the bonds in suit,) and that the other five were delivered to said Macy, who had receipts therefor from Mr. Guion. Mr. Williams also testified that the six bonds were not included in the inventory of the personal estate of the deceased; that he did not take possession of them as the property of Mr. Guion; and that he did not claim that the bonds were his property, but that he did claim, as set forth in the answer, that the plaintiff delivered the six bonds to said Guion to hold them as the property of Eleanor Hildick, and that the same were her property. The defendant Williams also testified that in the envelope which contained the bonds he found a receipt to plaintiff for the same, in the handwriting of Mr. Guion, and that he gave the receipt to plaintiff. After the examination of Mr. Williams and Mr. Macy the plaintiff was called as a witness in her own behalf, and testified as follows: "*Question.* How did you get possession of that receipt? *Answer.* I had it in my possession, I think, about two years; then I gave it to Mr. Guion. *Q.* For what purpose?" Whereupon the defendants objected on the ground of calling for a personal transaction between the deceased and witness. The objection was overruled, and the answer was, "For safe-keeping." There are three other exceptions on the same ground in the testimony of plaintiff, which we will refer to hereafter; but the one now before us brings up substantially the point on which the new trial was granted below.

After a careful consideration, we are of opinion that the objection to the question was properly overruled, and that the plaintiff, under the circumstances of the case, was competent to testify that she left the receipt with Mr. Guion. There was no motion made to strike out the remainder of the answer as not responsive: "Mr. Guion said, 'Give me the receipt; I will fix it so that Mr. Hildick can never get hold of them.' " The defendants were not sued as executors, and the action was properly brought against them in their individual capacity, (*Anderson* v. *Thomson*, 38 Hun, 394;) and, if they derived any title or interest from the deceased, the burden is on them to show such fact. On the death of Mr. Guion they took possession of the bonds, and held them simply as custodians, and never have made any claim of title or interest in the same. We think that they derived no interest through the deceased within the spirit of section 829 of the Code. The test to be applied in the present case, is that the estate of Guion would be in nowise affected by the result. If the judgment is for plaintiff, the estate will not be liable for costs; if for the defendants, the estate gains no advantage. The defendants derived their interest through the daughter, Eleanor Hildick; and if she had died before the trial, and the plaintiff had been called to testify as to a personal transaction with her, relating to the title of the bonds, the testimony would have been inadmissible under section 829 of the Code, for the defendants relied upon her title. *Mullins* v. *Chickering*, 110 N. Y. 513, 18 N. E. Rep. 377. We hold that the defendants, for the reason that they were sued properly in their individual capacity, and as they disclaim any title in themselves as executors, do not derive any interest in the bonds through the deceased, who was a mere depositary, either for the plaintiff or for Eleanor Hildick. The title of the bonds, and not their custody, was in dispute; and the sole question litigated was whether the bonds belonged to the plaintiff or to her daughter. The spirit and purpose of section 829 of the Code is equality; and in a border case the nature of the action and the questions litigated are to be looked into. *Wadsworth* v. *Heermans*, 85 N. Y. 639, 641. There was no violation of the letter or the spirit of the statute in admitting the testimony. The defendants have taken upon themselves a contest between the plaintiff and her daughter as to the ownership of the bonds. When this action was commenced they could have relieved themselves from all liability by applying for leave to in-

terplead the daughter, pursuant to section 820 of the Code. They were not bound so to do; but, having gone to trial relying solely as a defense on the title of the daughter, they should not complain if the same testimony were held admissible against them as would be admissible against the daughter if she had been substituted as a defendant. The exception which we have been considering was taken on the sole ground that the transaction was personal, and not that the testimony was incompetent on the question of title; and the other three exceptions on the same ground were, for the reasons above set forth, not well taken. While some of the testimony which was objected to was incompetent on the question of title, it was not objected to on that ground.

There are two other exceptions in the case, but we think that the testimony offered was competent under the authorities. *Nicolay* v. *Unger*, 80 N. Y. 54, 57; *De Wolf* v. *Williams*, 69 N. Y. 621. The order granting a new trial must be reversed, with costs. All concur.