WILLIS G. POPE, RESPONDENT, *v.* LOTTA McGILL, APPELLANT, IMPLEADED WITH CHARLES McGILL.

*Physician — cannot testify on whom he relied for payment of his services.*

In an action by a physician to recover for medical services to a wife, against the husband and wife, the wife alone answered, setting up her coverture, alleging that the services were rendered for her husband. On the trial the plaintiff was asked: "When you rendered the services, to recover for which this action is brought, on whom did you rely for your pay?" To which the defendant objected. The objection was overruled and the plaintiff answered: "On the defendant Lottie McGill."

*Held,* that the question was inadmissible; that the real question in the case was as to who was liable for this bill, the wife or the husband, which must depend upon the facts constituting the contract under which the services were rendered.

That it did not lie with the plaintiff to determine these questions, or fix the liability by any intention on his part, as to the person upon whom he relied for the payment for his services.

APPEAL by the defendant Lotta McGill from a judgment of the Supreme Court, entered in the office of the clerk of the county of Essex on the 26th day of May, 1890, upon the report of a referee, who found, among other things, that the plaintiff was entitled to judgment against the defendant Lotta McGill for services rendered by the plaintiff as a physician.

*Hewitt & Morey,* for Lotta McGill, appellant.

*A. W. Boynton,* for the respondent.

MAYHAM, J.:

This is an appeal from a judgment entered upon the report of a referee. The action was prosecuted against the defendants jointly to recover for medical services rendered by the plaintiff as a physician. The defendant Charles McGill failed to answer. The defendant Lotta McGill, who was his wife, answered setting up her coverture and alleging that the services were rendered for her husband in furnishing medical attendance for his family and denying any liability for the same on her part.

The evidence shows that the defendants were husband and wife, and that the services were rendered the family while they occupied that relation, and while Charles McGill, the husband, supported the family. The plaintiff testified that he treated Lotta and furnished her medicines from June, 1883, until June, 1888, and that during the same time he treated the defendant's children. That the services were worth $205.25, and that he had been paid by the defendant, Lotta McGill, sixty dollars on that amount, and that he rendered the services to her at her request. On the trial the plaintiff was asked this question : " When you rendered the services, to recover for which this action is brought on whom did you rely for your pay ? " This question was objected to by the defendant and the objection was overruled by the referee, and the plaintiff answered " On the defendant Lotta McGill." Plaintiff also testified that the defendant

Lotta promised to pay this balance, and also to sign a note with her husband for the same, but did not do so.

The defendant proved by the defendant, Charles McGill, that he employed the plaintiff to attend his wife and family as a physician; that the account for such services was presented or sent to him for payment, made out against him personally and in the plaintiff's hand-writing, and that the payments on the same were with his money; that he supported his family, wife and child.

The defendant Lotta McGill also testified that she did not employ the plaintiff, and that she never paid him but five dollars, and that was her husband's money; that plaintiff doctored her, but that she never employed him or promised to pay him for his services, and never agreed to sign a note with her husband for the amount of the bill; that her husband had always supported her and that she had no separate estate.

Bills of plaintiff's account proved to have been rendered by plaintiff, charging the account against Charles McGill, one dated June 14, 1888, stating the balance at $146.25, accompanying which was a joint and several note dated the same day for the amount, and payable to W. G. Pope and not signed, are in evidence. The defendant insists that the admission of the answer of the plaintiff to the question, " On whom did you rely for your pay ? " was error, for which this judgment should be reversed.

The real question in controversy in this action was, who was liable for this bill; was it the husband or was the transaction such as to charge this debt upon the wife? The answer to these questions must depend upon the facts constituting the contract under which the services were rendered; and it does not lie with the plaintiff to determine these questions or fix the liability by any expressed intention of his as to whom he relied upon for payment. That would be allowing a party to place himself in the position of the referee and testify to a conclusion which it was the province of the referee to determine from the whole evidence. That is never allowable. Witnesses must state facts, and courts and jurors must draw conclusions from the facts proved. (*Nicolay* v. *Unger*, 80 N. Y., 54.)

It is quite immaterial on whom the plaintiff relied for his pay, unless that reliance grew out of or was founded upon a valid agreement, either expressed or implied; and when the party was permitted

to state that he relied on Lotta, it was another way of saying that his agreement was with her, and that he had a legal right to look to her for his pay, and the referee must have so regarded it, or he would have excluded the evidence as wholly immaterial. But there is another ground of objection which was raised by the defendant; that the question called for a conclusion of the witness. We think the admission of this evidence was error, which might have affected, and probably did affect the decision and determination of the referee upon the question of fact in the case.

In *Kellar* v. *Richardson* (5 Hun, 352) this court held that the question "To whom did you look for performance of the contract?" was improper; that the answer showed merely the thought, and not the act of the party, and was not competent evidence.

In *Betjemann* v. *Brooks* (39 Hun, 649), the question was: "In delivering the goods which were delivered during the administration of Mrs. Clapp, did you give the credit to Mrs. Clapp personally or to Mrs. Brooks. * * * Not on paper, but in your mind?" This question was objected to and allowed under the objection. *Held*, error.

In *Merritt* v. *Briggs* (57 N. Y., 652) the question was: "State on whose credit the cattle were bought?" *Held*, that the question was improper.

This error being fatal to this recovery, we do not feel called upon to examine the other questions raised as to the liability of Lotta McGill, as a married woman, upon the facts proved. The judgment must be reversed.

LEARNED, P. J., and LANDON, J., concurred in result.

Judgment reversed, referee discharged, a new trial granted, costs to abide event.