David Drew, Appellant, *v.* Randall Longwell and Others, Respondents.

*Corporation — its directors are not personally liable to an attorney for his services in proceedings for its dissolution — amendment of an answer by one jointly liable, by leave of a referee — evidence as to whose credit was relied on in rendering services, inadmissible.*

Where the directors of a corporation, at a meeting thereof, take proceedings for the voluntary dissolution of the corporation, and an attorney is employed to conduct them, who prepares the petition therefor, and takes the requisite action to accomplish such dissolution, the proceeding thus set in motion by the action of the directors is the proceeding of the corporation as such, and the directors are not personally liable to the attorney for his services in regard to such proceeding, unless by some special promise they undertook to pay him therefor.

The life of a corporation continues until the final order is made dissolving the same, whereupon the receiver appointed becomes in practical effect the representative of such corporation for certain purposes.

Where the complaint in an action alleged facts sufficient to charge the defendants with liability on an alleged contract made by them, such contract must be treated as a joint contract of all the defendants if nothing appears in the allegations of the complaint to show the contrary.

Although the rule has been so modified by statute as not to render a misjoinder of parties fatal, where the joint liability of all the defendants in an action is not established, and the several liability of some of them is made to appear, by the evidence, yet if, upon the trial, nothing appears in the evidence to distinguish the relation of one defendant to the subject-matter from that of another, the

referee to whom the action is referred has power to permit a defendant to amend his answer (which denied knowledge or information sufficient to form a belief that the services, alleged in the complaint in such action to have been rendered, were in fact so rendered) in such wise as to deny the making of the contract by such defendant where his co-defendants have by their answer denied the making of the same.

In an action brought to recover the value of the services rendered by an attorney, the testimony of the attorney as to whose credit he relied on in performing the services is inadmissible in evidence, as it calls for the conclusion of the witness and not for the facts upon which its determination depends.

APPEAL by the plaintiff, David Drew, from two judgments of the Supreme Court, one in favor of the defendant Hoover and the other in favor of the defendants Keufer and Karle, entered in the office of the clerk of the county of Steuben on the 17th and 22d days of January, 1894, respectively, upon the report of a referee dismissing the plaintiff's complaint upon the merits and for costs.

The plaintiff by his complaint alleges that the defendants were directors of the Pleasant Valley Vintage Company, a domestic corporation duly created, and that at a meeting of the defendants it was deemed advisable for them to apply for a voluntary dissolution of the company, and thereupon James O. Sebring was duly authorized and directed by them to institute such proceedings; that he did so by preparing a petition, which was signed and verified by the defendants, and proceedings conducted by Sebring were thereupon had pursuant to the statute for such dissolution of the corporation for and at the request of the defendants. The respondents only were served, and they alone appeared. The alleged claim of Sebring for his services in the matter was assigned to the plaintiff.

*Walter S. Drew* and *James O. Sebring*, for the appellant.

*George W. Hall*, for respondents Keufer and Karle.

*Briggs & Sunderlin*, for respondent Hoover.

BRADLEY, J.:

The facts found by the referee are to the effect that at a meeting of a majority of the board of directors proceedings were directed and taken pursuant to the statute for the voluntary dissolution of the corporation, and Mr. Sebring was employed as attorney to conduct them, and that he prepared their petition, which was presented, and

the requisite proceedings were had to accomplish the purpose. (Code Civ. Proc. §§ 2419–2429.)

This proceeding was set in motion by the action of the defendants in their relation as directors of the corporation, and as such they made the petition and caused the proceedings to be had. They were, therefore, not personally liable to the attorney, unless they, by some special promise, undertook to pay him for his services. The referee found that they assumed no such personal relation to him by any individual promise to compensate him in the premises, and such finding is supported by the evidence. His conclusion that there was no personal liability of the defendants necessarily followed. The proceedings were those of the corporation by its constituted agencies. (*Skinner* v. *Smith*, 56 Hun, 437.) The life of the corporation continued until the final order was made dissolving it. (Code Civ. Proc. § 2429; *New York Marbled Iron Works* v. *Smith*, 4 Duer, 362.) And then the receiver appointed was in practical effect its representative for certain purposes.

The defendants Keufer and Karle, by their answer, put in issue the allegations of the complaint, other than that the defendants were directors of the corporation.

The defendant Hoover by his answer denied any knowledge or information sufficient to form a belief that Sebring performed all the services mentioned in the complaint, and alleged that his services were of little or no value to the corporation.

Upon the trial a motion in behalf of the defendant Hoover, made to amend his answer by alleging denial of the employment of Sebring by the defendants as their attorney, was granted. This was opposed and exception taken by the plaintiff's counsel, and it is insisted that it was not within the power of the referee to grant it. Although his power to allow amendments is limited by the statute (Code Civ. Proc. §§ 723, 1018), we think the exception was not well taken. Treating the facts alleged in the complaint as sufficient to charge the defendants personally, their alleged contract, according to the rule at common law, must be treated as the joint contract of all the defendants, as nothing appears in the allegations to the contrary. And although the rule has been so modified by statute as not to render the misjoinder fatal when the joint liability of all the defendants is not established, and the several liability of some of

them is made to appear by evidence, the apparent liability alleged is that of all the defendants upon their joint promise. And nothing appeared in the evidence to distinguish the relation of the defendant Hoover to the alleged promise from that of the other defendants to it. The promise was alleged to have been made by the defendants jointly, and no attempt by evidence was made to show that it was otherwise. In that view the amendment of his answer, made by defendant Hoover, in denying that the defendants promised as alleged, was not a substantial change of the defense, as the same had already been alleged by other defendants. Beyond that the amendment was immaterial.

 The answer of witness Sebring to the question, on whose credit he relied in performing the services, was properly excluded upon the defendants' objection. It called for the conclusion of the witness rather than the facts upon which its determination depended. And it was quite immaterial whose credit he relied upon unless his contract with the defendants, or their promise, permitted him to rely on their credit. That was a question for the referee to determine. (*Merritt* v. *Briggs,* 57 N. Y. 651; *Pope* v. *McGill,* 58 Hun, 294.)

There was no error in the rulings on the trial or the determination of the merits.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.