GEORGE D. WOODWARD and Others, Respondents, *v.* HERMAN E. REMINGTON, Appellant.

*Action for goods sold and delivered to a third person — proof of an account and its mailing to the person on whose credit the goods were sold — statement of a conclusion.*

Upon the trial of an action brought to recover the value of goods sold and delivered by the plaintiffs to a third person, where the question as to whether the defendant authorized the plaintiffs to deliver the goods to the third person was in issue, evidence was given, on behalf of the plaintiffs, tending to prove that they were authorized to furnish the goods to such third person upon the credit of the defendant.

*Held,* that it was competent for the plaintiffs, in order to prove that they were so authorized, to show that the account, as entered in the plaintiffs' books of account, was charged to the defendant, and that statements of the account mailed to him were made out in like manner, the defendant having testified that he never received or had any such statements, so that a notice to him to produce them would have been futile;

That it was incompetent for one of the plaintiffs, who stated that the defendant had requested the plaintiffs to furnish the goods, to testify, upon the trial of such action, that the goods were furnished to such third person by reason of a conversation had between the witness and defendant, in which the defendant requested the plaintiffs to furnish the goods to such third person — that being a question to be decided by the court.

APPEAL by the defendant, Herman E. Remington, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Cattaraugus on the 15th day of March, 1893, upon the report of a referee.

*Carey H. Davie,* for the appellant.

*Hudson Ansley,* for the respondents.

BRADLEY, J. :

The action was brought to recover for goods delivered by the plaintiffs at their store at Red House, in the county of Cattaraugus, to Frank Phillips, and alleged to have been sold to the defendant. There is no controversy about the fact that the goods were furnished to Phillips, but the facts upon which the plaintiffs seek to charge the defendant with liability to pay for them are controverted. The goods in question were furnished to Phillips after he had undertaken to perform a job of work for the defendant. And

the evidence on the part of the plaintiffs is to the effect that the defendant called at plaintiffs' store and there in an interview with one of them said that Phillips was jobbing for him, and requested them to let him have what goods he wanted and he (defendant) would pay for them at the end of each month, and requested that monthly statements be sent to him. The defendant, by his testimony, denies that he gave any such order or made such promise or request. The question was one of fact for the referee, and his finding in that respect is supported by evidence.

The plaintiffs' clerk, who kept the books and entered the account, produced the books, and one page of the ledger was offered in evidence to show that the account was charged to the defendant. This was received, after objection, and exception taken. The same witness, after testifying that he mailed to the defendant statements of the account, was asked how those statements were made out, and, after exception taken to the reception of the evidence, he answered that they were made out to the defendant. After the evidence tending to prove that the plaintiffs were authorized to furnish goods to Phillips upon the credit of the defendant, it was competent for them to prove that they did so, and this might be made to appear by the fact that the account as entered was debited to him, and that the statements were made out in like manner. The defendant testified that he never received or had any such statements, so that a notice to him to produce them would have been futile. The evidence of the book and statements was not offered to prove the account, but only to show that it was opened upon the credit of the defendant. In that view the evidence was competent, and there was no error in its reception. The plaintiff who testified that the defendant requested them to furnish goods to Phillips, as before mentioned, was asked whether the goods were furnished to Phillips by reason of that conversation, and, after exception was taken to the ruling permitting it, the witness answered in the affirmative. This was a question for the referee to determine upon the facts, and was not properly the subject for the expression by the witness of his conclusion. (*Merritt* v. *Briggs*, 57 N. Y. 651; *Pope* v. *McGill*, 58 Hun, 294.)

But the defendant could not have been prejudiced by that evidence. If the referee believed the evidence on the part of the plain-

tiffs that the request and promise of the defendant were made, as their witnesses testified, in view of the fact that the account was entered in the book as upon the order of 'the defendant, the conclusion would necessarily follow that the goods were furnished pursuant to such request and promise.

· The referee did treat the fact as truly represented by that evidence, and found accordingly.

There seems to have been no error in the rulings at the trial to the prejudice of the defendant.

· The judgment should be affirmed.

· DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

· Judgment appealed from affirmed.