(37 Misc. Rep. 160.)

ENNIS et al. v. ROSS.

(Supreme Court, Special Term, Kings County. February, 1902.)

1. PLEADING—ANSWER.

     In an action by stockbrokers against a customer, an alleged defense that plaintiffs during the times mentioned in the complaint dealt on margins with different persons, but not stating that the dealings with defendant were such, is bad on demurrer.

2. SAME—COUNTERCLAIM.

     In an action by a broker against a customer, a counterclaim alleging that defendant had on deposit with plaintiff at a day named a certain sum to his credit cannot be maintained where no demand for such deposit is alleged in the counterclaim.

Action by Thomas A. Ennis and others against Frank H. Ross. Demurrer to answer sustained.

William J. Woods, for plaintiffs.

Maurice V. Theall, for defendant.

GAYNOR, J. The complaint alleges that the defendant employed the plaintiffs as stockbrokers to make purchases and sales for him of stocks, that they purchased for him certain specified stocks at a total specified cost and expense which they advanced for him, and sold them at his request at a total specified price and applied the same to his credit, leaving a specified balance due to them, which amount with the commissions they seek to recover.

As the answer is the second amended answer, it might well be expected to be perfect. After a general denial it sets up a defense and a counterclaim which are demurred to.

The so-called "defence" consists of two numbered paragraphs, the first being that "at all the times mentioned in the complaint the plaintiffs were dealing and operating in stocks upon margin deposited by divers persons who engaged themselves and the plaintiffs in the risk and chance of a rise or fall in the stock market, and as deponent is informed and believes the stocks alleged to have been purchased and sold by plaintiffs were not so purchased and sold in good faith."

There is here no allegation that the defendant was one of these "divers persons" and as this case has to do only with transactions between the plaintiffs and the defendant, it is out of the question to even conjecture why the learned pleader brought in transactions of the plaintiffs with other people. And the last sentence, that "the stocks alleged to have been purchased and sold by plaintiffs were not so purchased and sold in good faith," is equally inscrutable. If it be assumed that reference is made to the stocks purchased and sold for the defendant, that they were purchased and sold at all suffices. What does it matter or mean whether it was done in "good faith"?

Then follows the second numbered paragraph of this "defence", viz., "That the transactions had between plaintiffs and defendant were as hereinbefore stated chance or gambling transactions and therefore contrary to law." This is a mere statement of a conclusion; but, moreover, as has been seen, the alleged chance or gam-

bling transactions referred to as "hereinbefore stated" were with other people, the defendant taking care not to allege that he entered into any such transactions. Nor are transactions of the character he alleges unlawful.

The counterclaim alleges that the defendant had on deposit with the plaintiffs on a day named $1,941.06, and that on or about that day "the stock in which defendant was interested increased in market value, so that the plaintiffs had or should have had to the credit of the defendant the further sum of $384.36, amounting in all to the sum of $2,325.42," for which sum less certain sums named, the defendant asks for judgment.

A demand is necessary before an action for such a deposit will lie, and none is here alleged.

The demurrer is sustained with costs.