## In re MALCOM BREWING CO.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. CORPORATIONS—VOLUNTARY PROCEEDINGS—ORDER FOR SALE OF PROPERTY PENDING PROCEEDINGS—WHEN MADE.

An order empowering the receivers in proceedings for the voluntary dissolution of a corporation to sell the corporate nonperishable property, pursuant to Code Civ. Proc. § 2423, should be made only under the most cogent circumstances; and the court, in passing on the application for such order, should merely consider whether the reasons given by the petitioners justify the order, and should not base its decision on a forecast of the outcome of the proceedings for dissolution.

2. SAME.

The petitioners for an order authorizing the sale of corporate property pending the proceedings for the dissolution of a brewing company alleged that it would be for the benefit of all parties to have the property sold as that of a going concern; that, in accordance with the practice of the business, the corporation had advanced money for the renewal of liquor licenses issued to its customers, and had taken as security the various liquor certificates; that the corporation also held chattel mortgages covering the fixtures of the customers; that the liquor certificates would depreciate in value monthly to the extent of one-twelfth of their original cost; that, unless the licenses should be renewed by the parties holding the chattel mortgages, the latter would be greatly reduced as an asset; that the temporary receivers were not authorized to extend the business; and that if the trade of their present customers, with their accounts, licenses, and chattel mortgages, could be transferred with the property of the corporation, as a going concern, the same would bring more if sold forthwith than at any later date. *Held* insufficient to warrant an order for the sale of the corporate property pending proceedings for voluntary dissolution.

Hirschberg, J., dissenting.

Appeal from special term.

Voluntary dissolution of the Malcom Brewing Company, a corporation. From an order, pursuant to Code Civ. Proc. § 2423, vesting the temporary receivers with the corporate property, and empowering them to sell the same pending the proceedings, a creditor and a stockholder appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Henry F. Cochrane, for appellant.
William H. Hamilton, for respondents.

JENKS, J. This is an appeal by a creditor and a stockholder from an order of the special term, in voluntary proceedings, for the dissolution of a corporation, vesting the temporary receivers with all of the estate, real and personal, of the said corporation, and empowering them to sell it at public auction. On July 28, 1902, two orders were made,—one appointing a referee, and directing that all persons interested should show cause before him on October 30, 1902, why the corporation should not be dissolved; and the other appointing the temporary receivers, and directing that they should continue the business so far as was necessary to prevent loss, waste, or sacrifice of the property of the corporation. After the said or-

ders were made, the appellant caused a petition in involuntary bankruptcy to be filed against the corporation in the United States district court, and thereupon an order was made in that court restraining all further proceedings before the said referee, save to adjourn the hearings, until after an adjudication in the bankruptcy proceedings, or a termination thereof by their dismissal. The order now appealed from was made before the determination of these proceedings in bankruptcy.

This proceeding is purely statutory, and the statute must be strictly pursued. In re Dolgeville Electric Light & Power Co., 160 N. Y. 500, 502, 55 N. E. 287; In re Binghamton General Electric Co., 143 N. Y. 261, 264, 38 N. E. 297. Meanwhile, as the corporation lives until the final order of the court decreeing dissolution (Drew v. Longwell, 81 Hun, 144, 30 N. Y. Supp. 733; People v. Ballard, 134 N. Y. 269, 294, 32 N. E. 54, 17 L. R. A. 737), the property of the corporation is in custodia legis through the temporary receivers (In re Lenox Corp., 57 App. Div. 519, 68 N. Y. Supp. 103, affirmed in 167 N. Y. 623, 60 N. E. 1115). The statute prescribes that the allegations and proofs of the parties must be heard and determined by the court or a referee. And it is only after such hearing, and the determination of the court thereupon, made after notice, that the final order of dissolution can be made. There is specific statutory authority that while the proceedings are pending an order of this character may, in the discretion of the court, be made (section 2423, Code Civ. Proc.), so that the question presented is whether the facts shown justify such exercise of discretion. I think that the court, upon an application for such order, should confine its consideration to the reasons given which would then justify the order, and that it should not base its decision upon a forecast of the outcome of the proceedings when completed, because, if it acted upon such forecast, it would thereby, in effect, substitute its determination of a material issue upon affidavits for a decision, which the statute requires must be reached after a hearing by the court or a referee. This kind of practice is condemned in Brush v. Jay, 113 N. Y. 482, 21 N. E. 184. The effect of this order is the same as that which would follow the final order for dissolution made after a trial, and it should not be granted as to property nonperishable, save under the most cogent circumstances. It is not a complete answer to urge that, even though there is a sale, yet the proceeds thereof are in hand, so that, if the corporation be not dissolved, it would have the means wherewith to continue. For there is a manifest difference between a corporation equipped for its business, with a current business, and one devested of all its property, save cash on hand available to begin its business life anew. If the court should for any reason refuse a dissolution, it is obvious that the corporation should, as far as possible, be unaffected by futile proceedings.

The petitioners state that it will be for the benefit of all parties interested in the assets of the said company to have all the property of the said corporation forthwith sold together, as that of a going concern, at public auction. It is said that, in accordance with the invariable practice of business, this company on or about the 1st

day of May last, caused moneys to be advanced, to about $55,000 in all, for the purpose of renewing the various liquor licenses issued to its customers; that, by way of security for said moneys, it received at the time transfers· of the various liquor certificates; that the said company also holds chattel mortgages covering the fixtures belonging to these various customers, to the extent of over $90,000; that the said liquor licenses or certificates depreciate in value month by month to the extent of one-twelfth of their original cost; that unless they should be renewed on or before the 1st day of May next, and held by the same parties who may hold said chattel mortgages, the latter will become greatly reduced as an asset of the company; that the main purpose of the temporary receivers has necessarily been, in the continuance of the company's business, to hold the business and continue it in the condition and to the extent of the same as it existed upon their appointment; that, by reason of their restricted powers, the receivers have been and will be unable to extend the business, which is mainly done by making loans to new customers for the purpose of fitting up new places, and procuring licenses for them, or taking over licenses and chattel mortgages on old places held by other businesses; and that if the trade of their present customers, with their accounts, licenses, and chattel mortgages, could be transferred, along with the real estate, machinery, and all other property of the company, as a going concern, the same would bring considerably more if sold at this time than at any later day. These are all of the reasons submitted. It may be answered that, of course, the licenses naturally depreciate by one-twelfth as each month of their year's life passes away, and that it is, of course, true that, if the licenses be not renewed, the value of the chattel mortgages will naturally depreciate; but this is a condition natural to the character of such business, by whomsoever conducted. Nor is there any reason why the property should be sold because the receivers have not been able to extend the business. Their duty, as prescribed by the very order of their appointment, is to preserve the business in custodia legis. They are not placed in charge .in order to extend that business. Of course, if the accounts, licenses, and chattel mortgages could be sold now, they would naturally bring more than at a later period, for the very reason stated by the petitioner, to wit, that the value of the licenses naturally diminishes as their life is shortened. But no other isolated reason is given why the property would bring more presently than it would if sold at a later time. Of course, the unusual delay in the proceedings may be attributed to the opposition of this appellant, who availed himself of another forum, and that delay may seem to the respondents, who represent the very great majority of the stockholders and the receivers, as capricious and ill-founded; but, even so, the present application, so drastic in its character, cannot be decided upon a principle of just retaliation, but must be decided solely upon the considerations heretofore stated. We are apprised in the brief of the learned counsel for the respondents that the very able and learned district judge has decided the proceeding in bankruptcy adverse to the appellant. Even though the appellant may appeal, and seek a further stay upon his appeal, yet I

think it most unlikely that any court would further stay the proceedings before the referee in the matter of the voluntary dissolution, or, in any event, would do aught but stay distribution of the assets provided the referee found for a dissolution, and the court affirmed his finding by its final order therefor. The period intervening the present time and the 1st of May should be sufficient for a hearing, a final order, and a sale, if such be the result of the determination of the court. If not, or if there be any further let or hindrance, then possibly a case may be presented stronger than the present application.

I recommend that the order be reversed, without costs, and without prejudice to the receivers to renew the motion at any time upon additional facts. All concur, except HIRSCHBERG, J., who dissents.