(80 App. Div. 499.)

## LEVY y. HUWER.

(Supreme Court, Appellate Division, Second Department.    March 26, 1903.)

1. CHECKS—VALIDITY OF ASSENT—MISREPRESENTATIONS.

At a sale by a trustee in bankruptcy, the purchaser, purporting to be acting as agent for another, procured defendant to give his check for the cash payment of 10 per cent. required.    It afterwards transpired that the agent had no authority to act.    *Held*, that the fact that both the trustee and defendant believed that check was a loan to the alleged principal did not relieve defendant of liability.

2. EVIDENCE—CONCLUSIONS OF WITNESS.

A witness testified on direct examination that he had asked defendant to loan him a check till he could get another in exchange for it from his principal, and that defendant had complied with the request.    On cross-examination the following questions were asked:    "That is, defendant loaned you the check, and you promised to get D.'s check, which you would tender to defendant?"    "You did promise, did you not, that you would get D.'s check, and give it to defendant?"    There was other evidence as to what actually took place at the time of the alleged loan of the check, and the testimony did not bear directly on the material point at issue.    *Held*, that the admission of the questions was not reversible error on the ground that they called for conclusions.

Appeal from Trial Term, Kings County.

Action by Nathan Levy, as trustee in bankruptcy of the Prospect Park Brewery, against Peter Huwer.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for appellant. Chas. De Hart Brower, for respondent.

JENKS, J.    The plaintiff sold a brewery at public auction, and Mr. Rohdenburg's bid for $16,000 was accepted.    Mr. Rohdenburg was asked to bid by Mr. Jergens.    The plaintiff demanded forthwith a cash payment of 10 per cent., with the alternative of continuance of the auction sale.    Mr. Jergens himself did not have the money, but brought up the defendant, Mr. Huwer, and Mr. Huwer gave his check for $1,600, the 10 per cent., to the plaintiff, who accepted it.    Thereupon the terms of sale were signed, "W. H. Dole, per Theo. H. Rohdenburg," and all the bidders were dismissed.    Mr. Dole thereafter refused to take conveyance on the ground that neither Mr. Rohdenburg nor any other person had authority to bid on his behalf. Mr. Huwer stopped payment of the said check, and the brewery was subsequently sold at a loss of $1,100.    The plaintiff brings this action against Mr. Huwer for $1,600, and has recovered a verdict for $1,100. The defense is that plaintiff and defendant, at the time of the delivery of the check, believed that Mr. Dole was the purchaser; that the check was not given and received unqualifiedly, but on the understanding that the check was a loan by Mr. Huwer to Mr. Dole, and that the basis of the transaction failed when it appeared that Mr. Dole was not the purchaser or the borrower of the check.

The termination of the auction sale by the said award of the premises upon delivery of the check was consideration for the check.    And the

defendant cannot avoid liability to the plaintiff upon the check thus delivered to plaintiff on assurance of the sale by proof that Mr. Huwer intrusted the check to Mr. Jergens to deliver to plaintiff in the belief that it was a loan to Mr. Dole, as the principal of Mr. Jergens in the purchase, and that the plaintiff knew of the transaction and of Mr. Huwer's belief. If Mr. Huwer was ignorant at the time of the non-authority of Mr. Jergens to act for Mr. Dole, so, too, was the plaintiff. But if Mr. Huwer, in reliance on the assurance of Mr. Jergens, induced the plaintiff to terminate the public vendue by an award to Mr. Dole by a payment made on Dole's behalf, the fact remains that he thus voluntarily guarantied the sale, and must suffer therefor, rather than the plaintiff. The source of the check was not the concern of the plaintiff. The mere fact that Mr. Huwer lent the check to Mr. Dole, and the plaintiff then knew it, did not affect the payment thereof to the plaintiff on account of Mr. Dole. It was, therefore, incumbent on the defendant to establish that such payment was not ordinary payment of a percentage to assure a sale, but that it was made under the condition that it was not to guaranty the sale unless Mr. Dole was the real purchaser, who required the loan of the check to secure his purchase. There was much evidence to establish that Mr. Huwer made the check at the instance of Mr. Jergens, who represented that he was the agent of Mr. Dole, who assured the defendant that Mr. Dole would repay, and that the plaintiff at the time knew of this dealing between Mr. Huwer and Mr. Jergens; but I fail to find any sufficient evidence that the check was either offered to the plaintiff or received by him otherwise than as the ordinary payment of a percentage to assure a sale.

It is contended that the court erred in certain rulings. Mr. Jergens, when under cross-examination by the plaintiff, was asked: "Q. That is, Mr. Huwer loaned the check to you, and you promised to get from Mr. Dole Mr. Dole's check for $1,600, which you would tender to Mr. Huwer; is that right?" "Q. You did promise, did you not, that you would get Mr. Dole's check, and give it to Mr. Huwer?" The objection to each question as calling for a conclusion, and as irrelevant, incompetent, and immaterial, was overruled under exception, and the answers were received. Of course, the ordinary witness must tell facts, not state conclusions; otherwise the jury must determine the issues upon opinions of the witnesses, and could not exercise its proper office of deciding upon facts sworn to. Nicolay v. Unger, 80 N. Y. 54. But this question was put upon cross-examination, and theretofore in its course the witness had testified without objection, "I asked Mr. Huwer for a check. I asked him to loan it to me till I could get another check in exchange for it;" and the witness, referring to Mr. Huwer, had testified on his direct examination, "After I asked him to loan me the check, and he said he would loan it to me till he could get one from Mr. Dole in New York," and the inquiry may be regarded as an interrogation as to what the witness had testified on the direct examination. Again, this was not the only evidence of the transaction between defendant and Mr. Jergens, but the facts thereat—i. e., what was said by Mr. Jergens to Mr. Dole, and what was done in the matter of making out and giving over the check—had been repeatedly testified

to in the course of the trial, and by this witness as well as others. And, further, the testimony did not directly bear upon the material point at issue, and related to the dealings between Mr. Jergens and Mr. Huwer, and not directly to the transaction between Mr. Huwer and the plaintiff. This circumstance may at least be considered in the light of this language in Nicolay v. Unger, supra, "The questions related to the main issue to be tried," and "the decisions are numerous that such evidence, when the whole issue in the case turns upon it, is incompetent." In Pichler v. Reese, 171 N. Y. 577, 64 N. E. 441, the court, per Gray, J., say: "But witnesses may testify to facts which are within their knowledge, even though the facts are such as the jury is eventually to determine. There is a distinction between asking a witness to testify to a fact the existence of which depends upon an inference from a collection of facts, or upon the construction of written instruments, and asking him to testify to a fact which is, necessarily, within his knowledge." For these reasons I think that the rulings do not show reversible error.

The defendant made no point on the trial as to the measure of damages, or the sufficiency of the proof thereof, either by exception or motion, and took no exceptions to the charge of Dickey, J.

The judgment and order should be affirmed, with costs. All concur.