gan was not authenticated. Such is the form of the paper annexed to the notice of motion, and such is alleged by the respondent, Green, to be the fact; and I cannot assume the contrary to support this application, which must proceed upon proof of actual compliance with the statute, if the court is to have power to confirm the award by order, rather than by judgment in an action.

The authority of the case of Cutter v. Cutter, 48 N. Y. Super. Ct. 470, and 98 N. Y. 628, upon the question whether the statutory provisions can be waived by proceeding with the submission, has been so far weakened by later expressions of the Court of Appeals (Hinkle v. Zimmerman, 184 N. Y. 114, 76 N. E. 1080) that it cannot be taken to apply to these provisions at the present time, and to suggest doubt as to the rule laid down in the cases before the Appellate Division to which I have referred above. I conclude that the motion be denied, without prejudice to the merits in an action upon the award.

Motion denied.

---

(66 Misc. Rep. 158.)

### SACKETT PLASTER BOARD CO. v. AMSTERDAM BLDG. CO.

(Supreme Court, Appellate Term. February 18, 1910.)

EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

   The question to a witness, to prove that a contract entered into by R. in his own name was made by him as agent, "For whom was R. acting when he signed the contract?" is properly excluded as calling for a conclusion, especially when subsequent efforts to prove the agency by other testimony fail.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2175; Dec. Dig. § 471.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Sackett Plaster Board Company against the Amsterdam Building Company. From a judgment dismissing the complaint without prejudice, plaintiff appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Edo E. Mericelis, for appellant.
Robert W. Bernard, for respondent.

BIJUR, J. Plaintiff relied on an exception to the exclusion of the question, "For whom was Ruhle acting when he signed this contract?" it being plaintiff's endeavor to prove that a contract entered into with the defendant by Ruhle in his own name was made by him as agent for the plaintiff.

Questions of this character have frequently been sustained by the Court of Appeals, as calling for an answer in respect of a fact, rather than a statement of a conclusion. Sweet v. Tuttle, 14 N. Y. 465, 471–472; Knapp v. Smith, 27 N. Y. 277, 281; De Wolf v. Williams, 69 N. Y. 621, 622; Kelly v. Doody, 116 N. Y. 575, 583, 22 N. E. 1084; Frear v. Sweet, 118 N. Y. 454, 459–460, 23 N. E. 910; Pichler v. Reese, 171 N. Y. 577, 578, 64 N. E. 441; People v. Mingey, 190 N. Y. 51,

---

64, 66, 82 N. E. 728. And the rule was followed in Levy v. Huwer, 80 App. Div. 499, 81 N. Y. Supp. 191. In but one case, Nicolay v. Unger, 80 N. Y. 54, 56, has the Court of Appeals approved the exclusion of such a question. It has, however, often said that it is but a narrow dividing line which separates the permissible from the obnoxious questions of this character—a line to be drawn according to the circumstances of the particular case.

In the case at bar, the correctness of the ruling of the trial judge in excluding the question is confirmed by the fact that, after the exclusion, plaintiff endeavored to prove Ruhle's agency by other testimony, but failed to do so, thus demonstrating that the answer to the question, had it been allowed, would have been a statement of a mere conclusion.

Judgment affirmed, with costs. All concur.