# THE
# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING APRIL, 1919.

---

DAVID REISFELD, Appellant, *v.* HENRY I. JACOBS, Respondent.

(Supreme Court, Appellate Term, First Department, April, 1919.)

Statute of Frauds — foreign money — Personal Property Law, § 85.

> The Statute of Frauds (Personal Property Law, § 85) applies to a contract for the sale and delivery of foreign money as a commodity.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, after a trial by the court without a jury, dismissing plaintiff's complaint.

Herman S. Ziegel, for appellant.

Gardenhire & Schlesinger (Louis Bennet Davidson, of counsel), for respondent.

FINCH, J. The complaint alleges that an agreement was made between the plaintiff and the defendant whereby the defendant should sell and deliver to the plaintiff at the city of New York, on or before the 11th

1

Appellate Term, First Department, April, 1919.    [Vol. 107.

day of November, 1918, 4,000 rubles in 500 ruble denominations, at $21 per 100, and that the plaintiff should pay the defendant the said sum of $21 per 100 upon delivery, amounting to $840. It is further alleged in the complaint that the said rubles were bought for resale by the plaintiff and that the defendant had due notice thereof and that by reason of the defendant's failure to deliver said rubles the plaintiff was compelled to buy said rubles in the open market at the lowest price at which he could, to wit, $24.60 per 100, amounting to $984, and that the plaintiff suffered as damages the difference between the market price at which he purchased the rubles and the contract price. The answer contains a general denial, and for a separate and distinct defense alleges the Statute of Frauds.

As to whether or not there was a sale presented a question of fact which the court below has found in favor of the plaintiff, and the judgment is not against the weight of evidence. The court below has held that the Statute of Frauds applies, and this presents the only question for the consideration of this court. The Statute of Frauds provides: "A contract to sell or a sale of any goods or choses in action * * *." Pers. Prop. Law, § 85; Laws of 1909, chap. 45. Section 156 of the Personal Property Law defines "goods" as follows: "'Goods' include all chattels personal other than things in action and money." As noted, the complaint alleges that the rubles were bought for resale and hence they were treated as a commodity and not as money. Our courts have held that even domestic money when dealt in as a commodity and treated as an object of barter and sale, was not within the Statute of Frauds. *Peabody* v. *Speyers,* 56 N. Y. 230, 234; *Fowler* v. *New York Gold Exchange Bank,* 67 id. 138, 146. While the Statute of

Frauds has been amended since the decision of these cases so as to specifically except " money " yet it would seem that in order to come within the exception of the statute the article must be money as such and that the meaning and authority of these cases is as applicable now as before the amendment of the statute. There also appears an additional reason for holding the Statute of Frauds applicable. As noted choses in action are expressly placed within the provisions of the statute. Upon this record there is no evidence presented showing that these bank-notes were other than choses in action. The word money may be used in a strict sense as denoting only " legal tender in payment of a debt " (*Legal Tender Cases,* 110 U. S. 421), or it may be used broadly to denote any token of value customarily passing from hand to hand. In the latter sense the word might be used to include foreign coin and foreign bank notes if they were so used in this country. In the case at bar it is undisputed that by rubles was meant bank notes of the Imperial Russian Bank. On their face appears the statement that they are imperial credit notes secured by all the property of the empire on equal basis with gold coin, but there is no evidence in the record supporting this statement or that such notes pass in this country in any wise as money. Also, upon this record, before these notes could be considered as money in any sense this court would have to take judicial notice that they were issued under the authority of and backed by the credit of a responsible government. In view of the fact that these notes were issued by a government now defunct and that the United States at present has no relations with any government in Russia, the court cannot take judicial notice that these notes are backed by the credit of a responsible government or that they even pass current anywhere as money. The plaintiff relies upon the case of *Brown* v. *Perera,* N. Y. L. J. March 2, 1918,

Appellate Term, First Department, April, 1919. [Vol. 107.

opinion of Hon. David Leventritt;* affd., without opinion by the Appellate Division, 182 App. Div. 922, but the illuminating opinion in that case concerns the question whether money issued under the authority of a responsible government and used generally for the purpose of convenient transaction is negotiable and this has no application to the question presented in the case at bar.

It follows that the judgment should be affirmed, with twenty-five dollars costs.

LEHMAN and WEEKS, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.

---

* For opinion by Leventritt, referee, see 176 N. Y. Supp. 215. — [REPR.