Bijur, J.
This is a demurrer to the first and third defenses respectively in the answer brought on by plaintiff for hearing as a litigated motion. The complaint alleges that on a certain date plaintiff agreed to deliver to defendant and defendant agreed to take from plaintiff a cable transfer of exchange on London, Eng., for 20,000 English pounds sterling at any time during *546 a period of four months at defendant’s option, which defendant agreed to pay for in dollars at a certain rate concurrently with the exercise of said option by defendant. It further alleges that “ a cable transfer of exchange is a term used to describe the transfer of credits between different points by cable, the person contracting to deliver such exchang„e contracting that he will make available by cable to the person contracting to take such exchange a credit of the amount specified at the point specified.” The separate defenses interposed are, first, with adequate allegations, the Statute of Frauds, and, second, that the agreement “ is a gambling contract and is illegal and unenforeiblé.” I am quite convinced, as I said upon the argument, that the second defense is not well pleaded because it states a mere conclusion. Ennis v. Ross, 37 Misc. Rep. 160, 161. The line between what the courts denominate a statement of a fact and the statement of a conclusion is often very narrow. It is, however, sufficiently well marked to place the allegation here criticized in the second category. An allegation of ownership has, in its appropriate context, been frequently held to be an allegation of fact. DeWolf v. Williams, 69 N. Y. 621. On the other hand, the bare statement that one person in the performance of some act represents another has been decided to be the statement of a conclusion. Sackett Plaster Board Co. v. Amsterdam Building Co., 66 Misc. Rep. 158. Similarly, although for years the allegation that an obligation has been incurred ‘' for a valuable consideration ’ ’ has been held in this department to state a mere conclusion, for the reasons stated in the opinion, that ruling has been expressly disapproved in California Packing Corp. v. Kelly Storage & D. Co., 228 N. Y. 49. As there explained, it seems to me to be clear that the bare allegation in the answer that the agreement is “ a gambling *547 contract and is illegal and unenforcible ” fails to indicate to plaintiff any state of facts which he must be prepared to meet, and is really no more than the affirmation of some unexplained theory in the pleader’s mind. The second defense, therefore, appears to me to be insufficient in law. The first defense, however, presents a novel and difficult problem. An agreement to deliver and take respectively a cable transfer of exchange on London for English pounds, explained in the complaint to be “a transfer of credits between different points by cable ’ ’ is, in my opinion, in the language of section 85 of' the Personal Property Law (the Statute of Frauds) a contract to sell goods or choses in action. If it be regarded as an agreement to sell English pounds it is covered by the rule that foreign money, when dealt in in this country, is to be regarded as a commodity. Reisfeld v. Jacobs, 107 Misc. Rep. 1. If we interpret it, as the language of the complaint alleges it to be, as a contract by the plaintiff to make available to defendant “ a credit of the amount specified at the point specified,” then it is an agreement to sell a chose in action, namely, a claim upon some third party in London for 20,000 pounds. Plaintiff’s counsel urges that “ a cable transfer of exchange is in effect a provision of credit in the foreign banking centre, and an agreement to operate in futuro is an agreement to provide credit.” Among other cases in support of this contention plaintiff cites Dry Dock Bank v. American Life Ins. & T. Co., 3 N. Y. 344, where the language of the court inter alia is that ‘ ‘ credit is the capacity of being trusted.” In this citation, and some similar ones, plaintiff omits to distinguish between credit and a credit. The generic term “ credit ” may, indeed, be the capacity of being trusted, but in the transaction alleged in this complaint the defendant did not engage to acquire from the plaintiff the capacity of being trusted. *548 What he wanted, and what he got, was 20,000 English pounds, i. e., a credit for 20,000 English pounds. The phrase ‘‘ a credit ’ ’ may be used either to designate a mere bookkeeping entry—a meaning manifestly not intended in the transaction under discussion — or a right to call upon someone for the subject matter of the credit, in other words, a chose in action against the debtor in favor of the person who holds the credit. It seems to me, therefore, to be clear that the transaction as alleged and explained in the complaint, and as known to the court as a matter of universal knowledge, is either the-purchase and sale of English pounds, or the purchase and sale of the right to call upon a third party for 20,000 English pounds in London. It is, therefore, either the sale of a commodity or of a chose in action. At this point it may not be inept to note that the transaction is plainly not a loan of money as was held to be the case in Dry Dock Bank v. American Life Ins. Co., supra. The very fact that the defendant is bound to pay the full equivalent of what he acquires at the moment of acquisition disposes of any notion that the dealings may be regarded as effecting a loan. It may not be out of place either to have in mind the distinction between a transaction in foreign exchange and one in what is popularly called domestic exchange. In the latter case the purchaser (corresponding to the defendant in the instant case) acquires not a different thing from that which he pays, but practically a duplicate thereof, namely, not pounds for dollars, but dollars for dollars. An analysis of the transaction indicates that any amount which he pays above the parity of the sum, the right to which he acquires, is compensation for a service rendered, namely, the delivery at another locality of the amount contracted for. Plaintiff, however, further suggests that “ under the contract in question the plaintiff might have provided *549 credit for the defendant at the branch banking house which the plaintiff itself maintains in London. ’ ’ Interpreting this suggestion in the light of the preceding discussion, it appears to me to be no more than to say that plaintiff had agreed to sell to defendant a credit upon itself (the plaintiff) at its branch in London for 20,000 pounds. But a “ credit ” made available by one person upon himself for a commodity is merely a circumlocution for a sale or a contract to sell the article for future delivery. The artificial form of expression must give way to the substance. It would, to my mind, be difficult to distinguish between an agreement by a local dealer to sell to a customer a credit upon the dealer’s branch house in Philadelphia for an umbrella from an agreement to sell or a sale of an umbrella deliverable at the Philadelphia branch. In my opinion, therefore, the second defense is good and the demurrer thereto should be overruled, while the demurrer to the second defense is sustained, with ten dollars costs, with leave, however, to defendant to plead over within twenty days on payment of such costs.
Ordered accordingly.