MARINDA L. DE WOLF, Respondent, *v.* ARAS G. WILLIAMS, sheriff, etc., Appellant.

(Argued April 19, 1877; decided April 27, 1877.)

THIS was an action against defendant, as sheriff of the county of Kings, for the alleged conversion of a quantity of

household furniture, which was levied upon by him by virtue of an attachment against plaintiff's husband. Defendant claimed that the title to the property was in the husband.

It appeared that, prior to the purchase of the furniture in question, a quantity of furniture, to which plaintiff claimed and gave evidence tending to show that she had title, was sold by her husband to one Bogert; that her husband received the purchase money, and that a part of the purchase money of the furniture in question was paid from moneys received by plaintiff from her husband in payment for the moneys received on the sale to Bogert.

Upon the trial, a witness was asked to state a conversation with plaintiff's husband as to the sale to Bogert, and who it was for. This was excluded under objection and exception. *Held*, no error that, not being part of the *res gestæ*, they were not competent as against her.

Plaintiff testified that she purchased a portion of the property from Foster Bros., gave her husband the money to pay for it, and directed the bills to be made out to her. The bills were produced, and were so made out. Defendant offered to show that the furniture was charged on the books of Foster Bros. to plaintiff's husband. This was excluded under objection and exception. *Held*, no error that, as she had no knowledge of or connection with the entry, as to her it was the entry of a stranger.

After plaintiff had testified that she went to housekeeping in 1865, at 516 Pacific street, Brooklyn, that she took into the house some furniture which she bought before her marriage, and bought some other articles. She was asked, "Whose was the property in the house 516 Pacific street?" This was objected to "as a question of law." The objection was overruled and witness answered that it was her's. *Held*, that the question and answer were proper; that the title to property was ordinarily a simple fact, to which a witness having the requisite knowledge could testify to directly.

After the judge had charged the jury that plaintiff would be entitled to recover if they found that she owned the property; he charged at the request of defendant's counsel as follows:

"If the goods in question were bought with the husband's money, they belonged to him in law, no matter who selected them or to whom the bills were made out. If the property sold to Mr. Bogert, or any part of it, belonged to plaintiff's husband, the proceeds of the sale belonged in that proportion to him, and it made no difference in law what forms were observed in the sale or receipt of the money." The judge was thereafter requested to charge as follows: "If the jury believe the plaintiff's husband had any ownership or interest in this property, or any portion of it, the defendant must have the verdict to that extent." He refused so to charge. *Held*, no error, as the request was sufficiently covered by the charge as made.

*Homer A. Nelson*, for appellant.

*Samuel Hand*, for respondent.

EARL, J., reads for affirmance.
All concur, except MILLER, J., not voting; ANDREWS, J., absent.
Judgment affirmed.