JOSEPH PICHLER, as Executor of MARY SIMON, Deceased,
  Respondent, *v.* WILLIAM H. REESE, Sheriff of Oneida
  County, Appellant.

EVIDENCE — TESTIMONY AS TO FACTS TO BE DETERMINED BY JURY.   A
witness may testify to a fact within his knowledge even though the fact
is such as the jury is eventually to determine.
  *Simon* v. *Reese*, 50 App. Div. 621, affirmed.

(Argued June 17, 1902; decided June 27, 1902.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 28, 1900, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*P. C. J. De Angelis* for appellant.   The crucial question
in this case being as to whether or not the respondent's dece-
dent owned the hops, after she had given her evidence as to the
facts that might prove that she owned the hops, it was error
to permit her to pronounce an opinion upon the very ques-
tion to be determined by the jury, to wit, the ownership of
the hops.   (*Nicolay* v. *Unger*, 80 N. Y. 54; *Sperry* v. *Bald-
win*, 46 Hun, 120.)

*D. F. Searle* for respondent.   There was no error in the
admission of evidence.   (*De Wolf* v. *Williams*, 69 N. Y. 621;
*Hildick* v. *Williams*, 21 N. Y. S. R. 166.)

GRAY, J.   The action was brought to recover damages for
the conversion by the defendant of a quantity of harvested
hops.   The defendant, as sheriff, had levied upon, and sold,
the hops under an execution issued upon a judgment recovered
against Joseph Pichler.   The farm, upon which the hops had
been raised, belonged to plaintiff's testatrix and the contro-

versy was over the ownership of the farm product. In behalf of the plaintiff, the evidence showed, or tended to show, that, after she had acquired title to the farm, she made an agreement with Joseph Pichler, her brother; by which he was to work for her and care for the place, accounting to her for any surplus over expenses. She lived in New York and she agreed to pay him, and to furnish moneys whenever needed in running the farm. In behalf of the defendant, there was evidence tending to contradict the plaintiff's statements about her relations with Pichler and to show that the arrangement was, really, one which vested the title to the crops in the latter. The evidence upon the subject was conflicting; but, from either point of view, it was not inconsistent with the fact that Pichler was working the farm for, and as the servant of, its owner. The decision of the controversy was, clearly, one for the jury to reach and the verdict for the plaintiff should not be disturbed; unless there was some error in the course of the trial, which necessitates a reversal of the judgment upon the verdict. The appellant argues that such an error was committed in permitting the plaintiff's testatrix to testify, against his objection, that the hops were hers; because their ownership was the matter in controversy and it was the province of the jury to draw the conclusion from the facts and circumstances. Doubtless, if the question objected to called for an opinion, or for a legal conclusion, upon the facts appearing in the case, it would be objectionable. But witnesses may testify to facts, which are within their knowledge, even though the facts are such as the jury is, eventually, to determine. There is a distinction between asking a witness to testify to a fact, the existence of which depends upon an inference from a collection of facts, or upon the construction of written instruments, and asking him to testify to a fact, which is, necessarily, within his knowledge. The credence, or assent, to be given to his testimony, if affected by the evidence, will be for the jury.

In *De Wolf* v. *Williams*, (69 N. Y. 621), where the action was in conversion, it was held to be competent to ask the

plaintiff "whose was the property in the house," the very matter in controversy; upon the principle that a witness having the requisite knowledge could testify directly to the fact of title. In *Nicolay* v. *Unger*, (80 N. Y. 54), the rule was, further, considered. There a witness for defendants was asked whether they had sold to plaintiffs the forged bond in controversy, after he had given the facts within his knowledge, bearing upon the transactions under which the defendants obtained and held the bond. MILLER, J., speaking for the court, observed : " It is not difficult to see that it is entirely competent to prove under some circumstances as a fact what under others might be regarded as a mere conclusion of law and would be clearly inadmissible. There are cases which hold that where the question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, it is admissible. (*De Wolf* v. *Williams*, 69 N. Y. 621 ; *Knapp* v. *Smith*, 27 id. 277 ; *Sweet* v. *Tuttle*, 14 id. 465 ; *Davis* v. *Peck*, 54 Barb. 425.) But in these cases the testimony does not, as in the case before us, present the transaction and involve the construction of the facts proved by the witness himself. The decisions are numerous that such evidence, when the whole issue in the case turns upon it, is incompetent."

I find no ground for reversing the judgment appealed from and, therefore, advise an affirmance, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.