FEDERICO O'FARRELL v. FRANCISCA FLORES DE O'FARRELL.

Decided May 15, 1909.

**1.—Divorce—Pleading—Exception—Harmless Error.**

When a suit for divorce is based upon two distinct grounds or counts in the petition, error on the part of the trial court in overruling exceptions to one count becomes harmless when the other ground for divorce is well pleaded, sustained by the evidence, and found by the jury in plaintiff's favor.

**2.—Same—Abandonment.**

In an action for divorce, pleading considered, and held sufficient to admit proof that defendant had left plaintiff for three years with intention of abandonment.

**3.—Husband and Wife—Separate Property of the Wife—Pleading.**

While it is the rule that property purchased during the marriage is presumed to be community property and the burden is upon the party claiming the contrary to allege and prove such facts as will establish that it is his or her separate estate, this rule is complied with by the wife when she avers and proves that it was purchased with money of her separate estate. The same particularity in alleging the facts is not required of the wife as of the husband in such case.

**4.—Deed—Consideration—Evidence.**

Parol testimony is always admissible to show what was the real consideration paid for property, and to explain the recitals in the deed as to the consideration.

**5.—Evidence—Ownership.**

The ownership of property is a fact to which a witness may testify in so many words—except when the whole issue of the case turns upon it—without the answer being subject to the objection that it is a conclusion of the witness.

**6.—Practice—Improper Evidence.**

Before the admission of improper testimony can be cause for the reversal of a judgment, it must be made to appear that the testimony was prejudicial to appellant.

**7.—Brief—Defective Assignment of Error.**

When an assignment of error complains of two or more rulings of the trial court relating to distinct questions, it is insufficient to require a consideration of such questions by the Appellate Court.

**8.—Appeal—Practice—Rejected Charge.**

When a requested charge is long and embraces a number of distinct propositions of law, an assignment of error complaining of its refusal must be followed by propositions in the brief pointing out the particulars wherein it is claimed its refusal was error.

**9.—Husband and Wife—Purchase of Property on Credit.**

The purchase of property by the husband on credit during the marriage does not necessarily make it community property. It may belong to the wife's separate estate when paid for with money realized from a sale or mortgage of her separate estate.

**10.—Trial—Special Issues—Practice.**

When a case is tried on special issues a requested charge calling for a general verdict is properly refused.

**11.—Same.**

The rule inhibiting a leading question to a witness has no application in propounding special issues to a jury.

**12.—Same.**

When a judgment is supported by the findings of the jury upon special issues properly raised by the pleading and evidence, the submission of issues not raised by the pleading and evidence is harmless error.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Clark & Lytle,* for appellant.—Under our statute, in order that abandonment may be considered as a ground for divorce, it must be alleged and proved that the party left with the intention of abandonment. Rev. Stats., art. 2977; Speer on Married Women, sec. 335, p. 396; Hare v. Hare, 10 Texas, 355; Besch v. Besch, 27 Texas, 390; McGowen v. McGowen, 52 Texas, 666; Hannig v. Hannig, 24 S. W., 695; Knight v. Railway Co., 41 Texas, 413.

The court erred in permitting plaintiff's counsel to ask plaintiff's witness, Frieda Rivas, over the objection of defendant, the following question: "Do you know anything about his (meaning defendant's) coming in at a window one night there?" and in permitting said witness to answer said question over the objection of the defendant, the answer being as follows: "Yes, he came in once and he broke the blinds; it was late at night; I do not know what time it was," because said question was leading and suggested the answer and assumed a fact.

The court erred in permitting the plaintiff's counsel to propound to her as a witness the following question: "What property was it that you sold to Fenstermaker?" and in permitting said witness to answer as follows: "The one I owned there as being mine, and it belonged to my sisters, that I had purchased, and also five feet towards the back of the property," the same having been permitted over the objection of the defendant as follows: "The deed is the best evidence, and further, the question is leading."

The court erred in permitting plaintiff's counsel to ask her as a witness the following question: "What did Fenstermaker give you for that property?" and in permitting her to answer as follows: "Two houses, one on corner Leona and Matamoras and the other on the same street," the same having been permitted over the objection of the defendant as follows: "It is a leading question and calls for a conclusion of the witness," and the court further erred in refusing to strike out said answer on motion of the defendant for same reasons stated in said objections, and because the deed would be the best evidence of what was conveyed to her.

The court erred in permitting plaintiff's counsel to ask her as a witness the following question: "This property on Main Avenue that you talked about, who owned that property?" and in permitting her to answer, "He, the defendant, made me sign some note for eight hundred dollars at Frost National Bank in order to buy the property corner Obraje Street and Main Avenue," and in permitting plaintiff's counsel to ask her the further question: "What piece of property is that, and what became of that?" and in permitting said witness to answer "O'Farrell sold it," which was all permitted over the objection of the defendant "that the written conveyance is the best evidence." Rogers v. Wallace, 28 S. W., 246.

A witness should not be allowed to testify over objection that a customer of a bank had only drawn so many checks for certain amounts during a certain month, or that so much was deposited, when all the witness knows is from an examination of a ledger not kept by himself, the books of original entries not having been produced or accounted for. Flato v. Brod, 37 Texas, 735; Bank v. Bates, 72 Texas, 141; Baldridge v. Penland, 68 Texas, 443; Werbiskie v. McManus, 31 Texas, 123; Wright v. Gussett, 31 Texas, 487; Bupp v. O'Connor, 21 S. W., 619.

Plaintiff, the wife of defendant, owning a one-third interest in one-half of the Story stable property when the husband and wife bought on a credit the other two-thirds interest and then exchanged the same with Fenstermaker for other real estate and then sold that so received to Ella Johnson, making a large profit, when the husband bought other property, including that claimed by the wife in this suit, paying in part other community funds and possibly using, to raise a small portion of such purchase money, a small portion of vendor's lien notes received from Ella Johnson, does not make the property so purchased the separate property of the wife, or show any separate interest in it, especially when the husband conveyed a portion of the same property to her of greater value than the portion of the proceeds of the Ella Johnson notes used. Hirsch v. Howell, 60 S. W., 887; Hirshfeld v.

Howard, 59 S. W., 55; Albrecht v. Albrecht, 35 S. W., 1076; Canfield v. Moore, 41 S. W., 718; Schmeltz v. Garey, 49 Texas, 49; Goddard v. Reagan, 28 S. W., 352; King v. Gilleland, 60 Texas, 274; Speer on Married Wowen, secs. 188 and 190; Hinzie v. Robinson, 50 S. W., 638; Parker v. Coop, 60 Texas, 117; Heidenheimer Bros. v. McKeen, 63 Texas, 229; Dixon v. Sanderson, 72 Texas, 359; Jones v. Epperson, 69 Texas, 586; Epperson v. Jones, 65 Texas, 425; Morris v. Hastings, 70 Texas, 26; Claflin & Co. v. Pfeiffer, 76 Texas, 469; Purdom v. Boyd, 82 Texas, 130; Middlebrook v. Zapp, 73 Texas, 29.

*Salliway & McAskill* and *Selig Deutschman,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The suit was by appellee against appellant for a divorce upon the grounds of abandonment and excesses. The plaintiff also prayed for the cancellation of a deed taken in appellant's name to certain real property and for a recovery of the land upon the ground that it was purchased with her separate estate.

The defendant answered by general and special exceptions to plaintiff's petition, a general denial, and pleaded specially that the property sued for was not separate but of the community estate of himself and plaintiff.

Harry White intervened in the case, claiming a judgment lien on the property, but, as he has not appealed from the judgment, the pleadings as between him and the original parties need not be stated.

Certain of defendant's exceptions were overruled, the case was tried upon special issues submitted by the charge to the jury and, upon its findings, a decree of divorce was awarded plaintiff as well as a cancellation of the deed, and judgment in her favor for the land claimed as her separate property. It was also adjudged that the intervener take nothing by his intervention. The appeal is from the decree of divorce as well as from the adjudication as to the real estate.

Assignments of error first, second, third, sixteenth and thirtieth, question the sufficiency of the allegations in plaintiff's petition to support her suit for divorce upon the ground of abandonment. As there was another ground for dissolving the marriage alleged, submitted to and found by the jury in favor of the plaintiff, in regard to which neither the sufficiency of the petition nor the evidence to sustain the decree is questioned by any assignment of error, it would seem immaterial how the question raised by these assignments is decided. For if it should be resolved in defendant's favor the decree would safely stand upon the other ground which is not assailed.

Section 3 of article 2977, Revised Statutes of 1905, provides that a divorce may be granted in favor of the wife when the husband shall have left her for three years with intention of abandonment, or when he shall have abandoned her and lived in adultery with another woman. From this it is seen that abandonment by the husband is of two kinds. One is leaving her for three years with intention of abandonment, the other is abandoning her and living in adultery. Neither the intention of abandonment nor three years' absence is essential to constitute the latter. Abandonment and living in adultery with another are all. Time, save such lapse after leaving his wife as is nec-

essary to constitute abandonment, nor intention is a factor. But as this character of abandonment was not submitted to the jury, we need not mention the allegations nor evidence, regarding it only in so far as it may be necessary to ascertain whether the allegations of the first kind of abandonment were sufficient.

The petition alleges that on "April 15, 1903, defendant abandoned plaintiff's bed and board and left the country for the Republic of Mexico, where he now resides." If this were all, clearly it would not be sufficient. For the allegations are not necessarily inconsistent with the idea of intentional abandonment, nor with abandonment for the statutory period. It might have been his desire for his wife to accompany him on his visit and be with him during his stay in Mexico; or, after he went there, he may have returned home and lived with her and again visited that country, for aught it appears from such allegations. But this is not all. The petition further alleges that since he abandoned plaintiff and while living in Mexico he has openly and notoriously associated with lewd women; that only four months prior to the filing of plaintiff's petition he traveled in company with a prostitute on a train in Mexico, and in the cities of Mexico and Pueblo he was often seen in company with lewd women; that since April 15, 1903, when defendant abandoned plaintiff and left the country for Mexico, he has wholly failed to support or contribute anything towards her living expenses; that on the 15th day of January, 1905, after he abandoned plaintiff, he came from Mexico and occupied a room in her residence for several days, during which time he was continuously in a drunken condition and attempting to raise a row with her, and that at two o'clock at night on or about said date he broke the window blind of her house and came in through the window. We are inclined to the opinion that these allegations, coupled with those first recited, are sufficient to admit proof that defendant left plaintiff for three years with intention of abandonment. But, however this may be, . the evidence fails to establish the allegations. On the contrary, it shows such a state of facts as disproves that he left plaintiff for three years with the intention of abandoning her.

The fourth, eighth and ninth assignments of error are submitted together, and under them are asserted these propositions:

1. "Real estate conveyed by deed to either husband or wife during coverture is presumed to be community property, and where the wife seeks to recover real property as her own separate property the burden is upon her to allege and prove specific facts showing that her separate funds alone, unmixed with community funds, were used in paying for said property, and where the pleading only states legal conclusions special exceptions pointing out the defect should be sustained.

2. "Where the wife attempts to make proof that her separate funds were used in the purchase of real property, asking judgment for the same as her own separate property, not having alleged specific facts showing what money or property of hers was used or how it became her separate property unmixed with community funds, such evidence should be excluded when objected to on the ground that it was not supported by the pleading.

3. "Where the wife sues for the recovery of real estate as her sepa-

rate estate which had been conveyed to the husband during marriage, she has the burden of alleging and proving with reasonable certainty that her separate funds alone were used in the purchase, and not having sued for an accounting or sought to charge the community as being indebted to her, can not recover title to such property even should the evidence show that some portion of her money or property short of the whole purchase price was used."

In her original petition, plaintiff alleged that defendant wrongfully and without her knowledge procured a deed in his own name to property belonging to her, which is situated at 306 N. Flores Street, having a frontage of fifty feet on said street, and running back to the ditch for depth, it being the property on which she resides, which lot was purchased with the proceeds of the sale of her separate estate and is entirely her separate property. In her trial amendment she alleged that defendant wrongfully and without her knowledge secured a deed to said property in his own name.

We think it reasonably apparent from these allegations that the property in question was purchased with money of the separate estate of plaintiff, and that the defendant wrongfully had the deed therefor made to him instead of to her. It was not incumbent upon the plaintiff to plead the evidence of the facts which constituted the funds with which the property was purchased her separate estate. But she was entitled under the allegations to prove by any competent evidence the fact that the property was purchased and paid for with her own money. Such proof would make the land her separate property, and the defendant would simply hold the bare legal title under the deed in trust for her. The rule is that property purchased during the marriage is presumed to be community, and the burden is upon the party claiming to the contrary to allege and prove such facts as will establish that it is his or her separate estate. This is complied with by the wife when she avers and shows that it was purchased with money of her separate estate. The husband has the control and management of the community property as well as that of his wife's separate estate. Therefore, when he purchases property during the marriage he knows whether it is paid for with separate or community funds or with a part of the community and a part of the separate estate of either himself or wife, or of both. For this reason, when he claims that it was purchased with his separate property, and claims it as such, he must be more specific in his allegations and proof than the wife is required to be when she asserts such claim; for, from his relations to the estates and property purchased he is necessarily prepared to meet and repel any false claim made by her; while she may not, by reason of a lack of knowledge of how he has managed the estate and of the facts regarding the particular transaction, be prepared to meet his claim unless the facts upon which it is based are specifically pleaded. (Moor v. Moor, 24 Texas Civ. App., 150.) In the case under consideration, we think it reasonably appears from the evidence that the property in controversy was purchased and paid for with the separate funds alone of plaintiff.

We do not think that the question asked the witness Frieda Rivas by plaintiff's counsel, nor her answer thereto, complained of by the

fifth assignment of error, were obnoxious to the objections urged in the assignment.

The sixth and seventh assignments of error complain of certain questions asked the plaintiff by her counsel, the objections being that the questions were leading and that certain deeds relative to the subjects of inquiry were the best evidence. The questions are not open to the objection that they are leading, for neither suggested the desired answer or indicated what answer was expected. Nor is either answer subject to the second objection, for the record shows that the deeds to which they relate were introduced in evidence, and that the answers were simply in explanation of them, showing that the real consideration paid was in property instead of money as recited, and who was the real owner of such property. Such testimony is never regarded as varying the writing, but as always admissible in explanation of it.

The tenth assignment complains that the court erred in permitting plaintiff's counsel to ask her the following question: "Whose notes were those—who owned these notes?" and in permitting her to answer, "I did," over the objection of defendant that the question called for a conclusion of the witness. It is stated in appellant's brief that the question has reference to vendor's lien notes executed by Ella Johnson, and that the bill of exceptions taken to the ruling of the court shows the question, answer, objection and ruling were as indicated by the assignment. Rule 59 of the District Court requires that bills of exceptions state enough of the evidence or facts proved in the case to make intelligible the ruling of the court excepted to in reference to the issue made by the pleadings. When the bill of exceptions relative to the assignment is alone looked to, this requirement is not complied with; but the exception is incorporated in the statement of facts, which, when looked to, shows that the notes in question were given for a part of the purchase money of plaintiff's separate property, and that the defendant himself recognized the fact that she owned them when he obtained possession of the notes from her and appropriated them to his use. The evidence also shows or tends to show that defendant used the money, or at least a part of it, which he obtained for the notes in paying for the land involved in this action. In the first place, we do not think that the objection to the question nor to the answer is well taken, for ownership of property is a fact to which a witness may always testify (Steiner v. Tranum, 98 Ala., 315, 13 So., 365; Hunnicutt v. Higginbotham, 35 So., 470; DeWolf v. Williams, 69 N. Y., 621; Nicolay v. Unger, 80 N. Y., 54), except when the whole issue of the case turns upon it. (Pichler v. Reese, 171 N. Y., 577, 64 N. E., 441.) In the next place, if it should be conceded that the testimony was incompetent, its admission was harmless, because the undisputed evidence shows that plaintiff was the owner of the notes and such fact is virtually conceded by defendant's own testimony.

We can not perceive that defendant was in any way prejudiced by the question and answer complained of by the eleventh assignment of error, conceding that the question was to some extent leading; though it does not seem to us it was leading as regards the testimony elicited.

It simply assumed that defendant had told the witness what he had done with a certain amount of plaintiff's money, and then asked what it was that he had told her about it. As it is apparent that such assumption was a correct predicate for the question, we are unable to perceive any difference in effect had the witness been asked first whether defendant had ever told her what he did with the money, and, upon receiving an affirmative answer, then followed it up by asking what he did tell her. However, it is not made to appear that the answer was prejudicial to defendant, which should be shown before a reversal of a judgment can be had on account of an error.

It is apparent from the twelfth assignment of error that it complains of several rulings relating to distinct questions, and is, therefore, not entitled to consideration. (Cammack v. Rogers, 96 Texas, 457.)

It seems to us that the thirteenth assignment of error is obnoxious to the same principle that renders the twelfth unworthy of consideration. But however this may be, we think, in view of the explanation of the trial court of its ruling admitting the testimony complained of, that the entries in the books of the bank in which defendant made deposits as well as the entries in his pass-book were, in connection with other evidence introduced, admissible, as between plaintiff and defendant as tending to show that the property in controversy was purchased and paid for with plaintiff's money.

Inasmuch as the intervener has not appealed from the judgment against him, it is unnecessary for us to consider the fourteenth assignment of error which complains of the court's overruling defendant's general demurrer to his petition of intervention.

From what has been said in considering other assignments, it is apparent that the seventeenth, which complains of the court's refusal to peremptorily instruct a verdict for the defendant, is not well taken.

The twentieth assignment of error is as follows: "The court erred in refusing to give to the jury defendant's special charge requested, which is as follows: 'Gentlemen of the jury, I charge you: 1st. That all rents collected from the separate property of the wife or from that which belongs to them jointly, is community property. 2d. All profits, if any, made by trading with, and the use of either the separate or community funds, is community property. 3d. The wife is only entitled to receive one-half of what community funds or property remain on hand after the payment of all obligations chargeable against the husband. 4th. All property deeded either to the husband or the wife during marriage is in law presumed to be community property. 5th. All property purchased after marriage on a credit is community property and the obligation given for the purchase of the same is a community debt. 6th. The fact that funds for the purchase of property are raised by mortgaging the wife's separate property where the mortgage is afterwards released, does not make the property purchased the separate property of the wife or make any charge upon the same for her separate use or benefit. 7th. Where the proceeds of the wife's separate property are placed in permanent improvements in the wife's separate real estate, neither the husband nor the community is chargeable with the proceeds of such separate property to the extent of such

investment in such improvements. 8th. By permanent improvements are meant such as add permanently to the value of the real estate upon which the same are placed, such as building sidewalks, sewer and water connections, etc., and would include the rebuilding of a house or other improvement that had been destroyed by fire even after marriage. 9th. All earnings or profits made by either husband or wife during the existence of the marriage up to date would be community property, and all losses from community property by misfortune or bad management would be the loss of the community and would not be chargeable against the separate interest of either husband or wife."

And the twenty-third is: "The court erred in his charge given to the jury, in connection with special issues, in his definition of separate and community property, which was as follows: 'Separate property' of the wife is defined to be all property both real and personal of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands thus acquired, is the separate property of the wife. 'Community property' of the husband and wife is defined to be all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, is the common property of the husband and wife; and further erred in refusing to give to the jury in connection with said definition defendant's seventh special charge requested, which was as follows: 'Where the proceeds of the wife's separate property are placed in permanent improvements in the wife's separate real estate, neither the husband nor the community is chargeable with the proceeds of such separate property to the extent of such investment in such improvements,' for the reason that said definition given by the court was not sufficient to enable the jury to determine what was meant by the legal phrase increase of all lands, leaving them to conclude that it included all rents and all profits which might be derived from trading where separate property or the proceeds thereof were in any way used."

These assignments are presented together, and under them is asserted in appellant's brief this proposition: "Where real estate belonging to the wife has been sold and the proceeds used in making permanent improvements on the wife's land, and in trading, resulting in profits, and where rents have been collected from her separate property, and where money has been loaned by husband or wife during marriage, where the wife is claiming everything as her own, it is error in the court to refuse to charge that such rents and profits and all money earned by either is community property, and it is not sufficient simply to charge the jury that all property owned by the wife at the time of marriage and all acquired by gift, or devise, and also the increase of all lands, is separate property of the wife, not having defined to the jury the meaning of the legal term increase of land."

Under the rule enunciated by the Supreme Court in Cammack v. Rogers, 96 Texas, 457, and followed in Masterson v. Heitmann, 38 Texas Civ. App., 476; Texas Mexican Railway v. Lewis, 99 S. W., 579; Kaack v. Stanton, 112 S. W., 706, the twenty-third can not be regarded as a valid assignment, nor can the proposition be taken as supplying the place of a valid assignment. Ignoring, then, the twenty-

third assignment, we do not think the proposition can be fairly deduced from the twentieth assignment of error standing by itself. Besides, when a charge is long and embraces a number of distinct propositions of law, as does the special charge embodied in this assignment, an assignment of error complaining of its refusal must be followed by propositions thereunder in the brief pointing out the particulars in which it is claimed its refusal was error. (Central Texas Railway v. Gibson, 99 Texas, 98.) While the proposition may be abstractly correct and a charge embodying its substance might, as applicable to the case, have been proper, yet the rejected charge goes farther, and would make property purchased on a credit, though afterwards paid for with money realized from a sale or mortgage of the wife's separate estate, community, which is not the law. (Sparks v. Taylor, 99 Texas, 411.)

Special charges asked by defendant, on the refusal of which are predicated the eighteenth and nineteenth assignments of error, were properly refused because each called for a general verdict, which is inappropriate to a case submitted on special issues, as was the case at bar. (Moore v. Pierson, 93 S. W., 1007, 100 Texas, 114; Bridgeport Coal Co. v. Wise County Coal Co., 44 Texas Civ. App., 369.)

The twenty-first and twenty-second assignments of error complain of quite a number of separate and distinct rulings of the trial court, and under rule enunciated in Cammack v. Rodgers, *supra,* can not be considered. Besides, each is too general to be taken and considered as an assignment of error in the purview of article 1018, Revised Statutes of 1895, and rule 26 of this court.

We know of no principle of law, nor are we cited to any, which applies the rule inhibiting a leading question to a witness to the form of a question submitting a special issue to a jury, nor can we perceive any reason why such form of presenting an issue should be regarded as erroneous. It is for the trial court, after determining what issues of fact should be presented, to determine the form of the questions to be used in submitting them to the jury; and if the form of the question adopted is free from any indication on the part of the court as to how the issue should be determined, the action of the court as to such matter can not be reviewed on appeal. We therefore overrule the twenty-fourth assignment of error.

If, as is contended by appellant in the twenty-fifth and twenty-seventh assignments of error, the fifth and eleventh special issues presented to the jury were not supported by either the pleadings or evidence, the errors were harmless, for the finding upon them could not enter into or affect the judgment, which is fully supported by the findings of the jury upon other issues directly arising from the pleadings and evidence which were properly submitted.

As it is apparent from the judgment that the finding of the jury upon the eleventh special issue did not enter into it, the failure of the court to charge that the burden of proof as to such issue was upon the plaintiff could not have prejudiced the defendant.

We overrule the twenty-ninth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-ninth and fortieth assignments of error. For in our opinion the judg-

ment is supported by the pleadings as well as the evidence upon every issue found by the jury necessary to its validity.

The judgment of the District Court is in all things affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.