VIRGINIA POTTS *vs.* BENJAMIN A. BUCKLEY.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A verdict which the jury might have reasonably and fairly found upon conflicting evidence, will not be disturbed either by the trial court or by this court on appeal.

The plaintiff was the wife of the defendant's farmer, and the main issue was whether her services in making and selling butter and in caring

Potts *v.* Buckley.

for milk produced on the defendant's farm, were rendered under a promise of the defendant to pay therefor as a separate and independent business, as the plaintiff claimed, or were merely the services usually rendered by a farmer's wife as incidental to the other farm work performed by her husband, and covered by the compensation paid to him, as the defendant contended. In this situation the trial judge charged the jury, as requested by the plaintiff, that one who assents to or acquiesces in the rendition of beneficial services for him by another, is liable to pay what they are reasonably worth; but added, that in order to apply this rule it was necessary " that the plaintiff should show that the services were not included in any arrangement or bargain between other parties. I say it is necessary that the plaintiff should show it,— I don't know whether the burden is on the plaintiff, but it is necessary that it should appear at the end of the case." *Held* that inasmuch as the doubt expressed as to the burden of proof touched a vital point in the case, this court could not say that the instruction might not have misled or confused the jury and thus prejudiced the defendant's defense in this particular.

In reference to the same issue, the court said that if the jury found that these services came in naturally and properly and in a normal way with the bargain that was made with the husband, then it would be understood that they were rendered gratuitously or under circumstances which implied their gratuitous rendition. *Held* that the use of the word "gratuitously" was not open to criticism as misleading and prejudicial, as urged by the defendant, since it clearly meant that the services were rendered without right or well-founded expectation of compensation other than as incorporated in the farm services paid for under the defendant's contract with the plaintiff's husband.

Letters of the defendant addressed to the plaintiff expressing surprise that she should have any claim against him and asking for information, cannot properly be construed as an acknowledgement of a debt due and unpaid by him; and therefore it was error for the trial judge to refer to them as an acknowledgement in his charge.

Such letters are admissible in evidence, however, as part of a series of communications, oral and written, between the parties respecting the plaintiff's claim.

The plaintiff was permitted to say, in reply to a question upon her redirect examination, that the business of making butter and caring for the chickens and other things was hers ("mine"). *Held* that this was not objectionable as calling for a conclusion; that the fact lay peculiarly within the knowledge of the witness, and the question was properly admitted.

Submitted on briefs October 28th, 1921—decided January 5th, 1922.

ACTION to recover for services rendered in making butter and caring for milk on the defendant's farm, brought to the Superior Court in Fairfield County and tried to the jury before *Keeler, J.;* verdict for the plaintiff for $1,905, which the court refused to set aside, and from the judgment thereon the defendant appealed. *Error, judgment set aside and cause remanded for a new trial.*

The plaintiff was the wife of Clearmont Potts, and they were married in 1869. The defendant owned a large farm at Southport, and in 1905 engaged Potts to manage this farm for definite compensation, and Potts continued to manage the farm until about July, 1920, residing on the farm with his wife. At first there was but one cow on the farm, but the number was steadily increased, and the plaintiff made butter and turned over the proceeds to the defendant.

It was the claim of the plaintiff that "in 1910 the number of cows had so increased, and the labor in making the butter had become so burdensome, that the plaintiff notified the defendant that she would be no longer responsible for the same, and the defendant promised to pay her for her services, telling her to wait, that good things come slow but she would be fully paid; " and she claimed that under such an arrangement she made and sold butter and cared for the milk from January 1st, 1910, to and including July, 1920, ten years and seven months, and that her services were worth $15 per month, no part of which had been paid. She further claimed that this work was performed by her as a separate and independent business not connected with or proceeding from any business controlled by her husband.

The defendant denied that any such agreement had ever been made between them, and claimed that the milk and butter were products of the farm, and that

whatever the plaintiff did was part of the services usually rendered by a farmer's wife and in connection with other farm work to be done by the husband, and that this work was not plaintiff's separate and independent business. The defendant, in addition to a general denial, pleaded payment by the use of butter and milk, and also pleaded the statute of limitations as to all services rendered prior to August 1st, 1914. The plaintiff replied by a denial of payment and a new promise. These defenses were all in issue upon the trial. The jury rendered a verdict for the plaintiff covering the entire period.   Other facts are stated in the opinion.

*William B. Boardman* and *Jonathan Grout,* for the appellant (defendant).

*Henry E. Shannon* and *Frank L. Wilder,* for the appellee (plaintiff).

GAGER, J.   Error is assigned on the denial of the defendant's motion to set aside the verdict as against the law and the evidence and the weight of evidence. The record shows that there was a substantial conflict of evidence, and that it was such that the jury might have reasonably and fairly found the issues for the plaintiff.   In such case the court could not under our settled rule have granted the motion, and there was no error in the denial complained of.

Three errors are claimed in the charge: The plaintiff requested the court to charge that "one who assents or acquiesces in the rendition of beneficial services for him by another, is liable to pay what they are reasonably worth." The court so charged, with the following comment: "But in order to apply this principle, it is necessary that the plaintiff should show that the services were not included in any arrangement or bargain

between other parties. I say it is necessary that the plaintiff should show it,—I don't know whether the burden is on the plaintiff, but it is necessary that it should appear at the end of the case." This comment was undoubtedly made in view of the defendant's claim that plaintiff's services were rendered as wife of the farmer and not by virtue of any separate arrangement, or as a separate business of hers. What the defendant objects to, conceding the correctness of the general proposition, is that the court, after saying "I say it is necessary that the plaintiff should show it," interpolated the comment: "I don't know whether the burden is on the plaintiff, but it is necessary that it should appear at the end of the case." The court, at the beginning and end of the charge, had correctly stated the rule as to the burden of proof. The defendant complains that here is an incorrect instruction as to this point as to proof of separate business, which was confusing and misleading, and that under the circumstances the court committed a reversible error in saying it did not know whether the burden was on the plaintiff; that the clear effect of this was to counteract the rest of the charge as to burden of proof. The language might very naturally be construed by the jury as a weakening in this particular of the requirement, elsewhere stated, as to a fair preponderance of the evidence. The particular referred to was a vital point, and we cannot say that the distinction apparently drawn, though probably inadvertent, may not have prejudiced the defendant's defense in this particular, and therefore the charge on this point was erroneous.

The court, also referring to the same point as to when the services were rendered, said: "But if you find, gentlemen, that these services all came in naturally and properly and in a normal way with the bargain

that was made with the husband, then it would be
understood that they were rendered gratuitously or
under circumstances which imply the gratuitous rendi-
tion of the services." The defendant claims that the
use of the word "gratuitously " was misleading and
prejudicial as, in substance, stating that if the plain-
tiff's services came naturally, that is, were the incidental
services to be expected of the wife of the farmer, then
they were rendered gratuitously, whereas, if rendered
under husband's contract as farmer, they were paid
for through him, and the jury would be reluctant to
find plaintiff's services were given free. We do not
think there is any merit in this claim. Gratuitously,
as here used, clearly means without right or well-
founded expectation of compensation other than as
incorporated in the farm services paid for under the
defendant's contract with the farmer. There was no
error in this clause of the charge.

The court had correctly charged as to the effect of
acknowledging that a debt was due and unpaid as
taking a case out of the statute of limitations, and then
continued: "In considering this point you are to bear
in mind, if you bring it into connection with the
acknowledgement of the letter, as indicating whether
or not there is any promise at all in the letter—not
as taking refuge in the statute of limitations and in-
sisting upon its protection, but as bearing upon the
question whether there was any promise at all con-
tained in the letter—whether or not the fact that the
defendant spoke of its not having been presented be-
fore does not carry the idea that thereby any promise
to pay which otherwise might be inferred from the
language, was expressly disaffirmed." The plaintiff
had introduced in evidence three letters from the
defendant. The defendant complains that the court
erred in construing and declaring the letter or letters

as an acknowledgment of the debt. No one of the three letters is an acknowledgment of a debt due and unpaid, and it was manifest error so to construe them to the jury. In the letter of July 3d, the defendant wrote as follows: "I was surprised to read in your note of June 29th that the report about a legal suit by you against me was news to you. It should not have been, as it was so reported or intimated by some member of your family. I wish to say that a member of your family has reported to me that you were planning to leave the farm. You intimate in your note that I am your debtor. If so, will you please send me an itemized bill showing the amount I owe. Why has not the claim been presented or referred to before now." In a letter of July 13th, this: "Your letter of the 12th July at hand this morning and I am sending this to ask that you send me an itemized statement showing the amount of your claim. After all these years it seems strange that you should bring this matter up at this time. Why have you not called my attention to it long ago." And on July 17th, this: "As yet you have not as requested rendered me a statement as to the amount of your claim against me. Will you please do so as soon as you can, and oblige." The utmost that can be claimed for this language is that plaintiff had been making some claim; that the defendant was surprised and wanted information. This is far from acknowledging any debt as due and unpaid, and it was error to so characterize these letters, or any one of them.

Objection was made as to the three letters above referred to as immaterial and irrelevant. They were admitted as purporting to show that the defendant knew the plaintiff had a claim, and to sustain some statement the plaintiff had previously made in court. Though the letters were not capable of being construed as an acknowledgment, as the court construed them

in the part of the charge referred to above, we cannot see why the letters were not admissible as part of the negotiations between the parties about the plaintiff's claim and were clearly relevant to the question in issue. That an improper use was made of them does not affect their relevancy as part of the series of communications, oral and written, from the whole of which the question of new promise must be determined, and there was no error in admitting them.

The plaintiff had testified fully as to her conversations with the defendant, and as to the work done by her, and the payment by her of the proceeds of the butter and milk to the defendant, both on direct and cross-examination. Upon redirect she was asked: "This business of making the butter and the care of the chickens and the other things that you did around there yourself, whose business was that?" To which the witness answered "Mine." This was objected to as calling for a conclusion and not the facts from which the jury might draw a conclusion, but the court admitted the question over the objection. Ownership of personal property is ordinarily a question of fact to which a witness may testify; *Mathews* v. *Livingston*, 86 Conn. 263, 273, 85 Atl. 529, and cases there cited; and this is so even though the ownership is the very matter in controversy. *DeWolf* v. *Williams*, 69 N. Y. 621; 22 Corpus Juris, p. 534; *Pichler* v. *Reese*, 171 N. Y. 577, 64 N. E. 441. See also *Jantzen* v. *Emanuel German Baptist Church*, 27 Okla. 473, 112 Pac. 1127; Amer. Anno. Cas. 1912C, 659 to, and note on, p. 664. The question called for a fact peculiarly within the knowledge of the witness and was properly admitted.

There was error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.