GEORGIA CASUALTY CO v. GINN.
(No. 7341.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1925. Rehearing Denied May 6, 1925.)

1. Appeal and error ⬥742(6)—Proposition that judgment based on hearsay and incompetent evidence cannot be sustained too general for consideration.

Proposition that judgment based on hearsay and incompetent evidence is defective and cannot be sustained is too general to be considered.

2. Insurance ⬥646(1)—Employé, claiming compensation from insurer, must account for absence of policy, and prove its existence or loss by secondary evidence.

Employé, claiming compensation from casualty insurer, must show that latter was carrying employer's insurance at time of injury, and, if policy is not present, must account for its absence or loss and prove its existence or loss by secondary evidence.

3. Evidence ⬥181—Existence, delivery, loss, and steps to account for loss of liability insurance policy, held sufficiently shown.

Existence, delivery, loss, and necessary steps to account for loss of industrial accident insurance policy, contents of which were proven, held sufficiently shown in insurer's action to set aside award, where insurer filed no sworn plea denying its execution or existence, and insured testified that he destroyed it.

4. Insurance ⬥399—Insurer, making partial payments voluntarily, cannot deny issuance of policy.

Workmen's compensation insurer, making partial payments voluntarily for 5 months before employé resorted to Industrial Accident Board to compel payments, cannot deny issuance of policy.

5. Evidence ⬥75—Workmen's compensation insurer's failure to prove nonissuance of policy construed most strongly against it.

Silence, or failure of workmen's compensation insurer to prove that it did not issue policy, will be construed most strongly against it from judgment directing payments to employé.

6. Master and servant ⬥385(5)—"Total incapacity" defined.

"Total incapacity," entitling employé to maximum compensation under Vernon's Complete Tex. St. 1920, art. 5246—18. (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—18), means disqualification from performing usual tasks of workman in such way as to enable him to procure and retain employment.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Total Incapacity.]

**7. Master and servant ⟬⟭418(5)—Submission of issue of total incapacity held harmless.**

In insurer's action to set aside award of compensation for 401 weeks, under Vernon's Complete Tex. St. 1920, art. 5246—18 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—18), submission of issue whether total incapacity, which jury found had continued up to time of trial, would with reasonable probability continue as long as 290 weeks, *held* not misleading, nor harmful, if erroneous, because suggesting maximum amount recoverable, though trial was de novo, especially as insurer could review and correct any error under law, if employé recovered health before expiration of time limit.

**8. Trial ⟬⟭352(1)—Special issue, suggesting answer, but not intimating finding desired, not error.**

Court may prepare special issue suggesting answer, such as probable duration of total incapacity of employé in action to set aside award of compensation, so long as it does not intimate to jury just how court desires issue to be found.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the Georgia Casualty Company to set aside award of compensation by Industrial Accident Board to Edward Ginn, employé. Judgment for employé, and plaintiff appeals. Affirmed.

H. T. Cooper, of Fort Worth, and Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Slay, Simon & Smith, of Fort Worth, and Lacy & Bramlette, of Longview, for appellee.

COBBS, J. Appellant instituted this suit against appellee to set aside an award by the Industrial Accident Board, made in favor of appellee, who was alleged to have been injured while in the employ of L. J. Hawkins, who carried on said date a policy of compensation insurance with appellant. The award of the Board provided for a continuing award not to exceed 401 weeks. Appellant asked that this award be set aside, and that Edward Ginn take nothing against it. In his answer, appellee averred he was injured on July 14, 1921, while engaged in his work for L. J. Hawkins, and that his weekly wage was $24.51, which entitled him to compensation in the sum of $14.71 per week; that he was totally and permanently disabled as a result of his injuries, and therefore was entitled to recover compensation for 401 weeks. He prayed that a judgment be awarded him in a lump sum, and alleged that hardship and injustice would result if this were not done, because he would be unable to support himself and family on the weekly payments.

The case was submitted to the jury upon special issues, which were answered in favor of appellee, and the court rendered judgment accordingly. The judgment was for $1,409.95 against Georgia Casualty Company in favor of Ginn, as compensation for 90 weeks due at the time of the trial, and for 287 weeks' compensation to be paid in the future, the first payment to be made September 28, 1923. The judgment recited that the plaintiff, Georgia Casualty Company, had already paid to the defendant Edward Ginn compensation for 23 weeks.

Appellant presents four contentions: (a) That the evidence did not show appellant was carrying compensation insurance of the appellee's employer at the time of the injury; (b) that the term "total incapacity" contained in the court's charge was erroneous; (c) that the court erred in submitting to the jury an issue in asking if the total incapacity of the complainant would continue as long as 290 weeks; and (d) that the court erred in submitting the issue in the form it is submitted, because it is vague and indefinite, and impossible to tell from the jury's answer whether it meant to find that the claimant's incapacity was for 290 weeks from the date of the injury or 290 weeks from the date of the trial.

[1] Appellant's first proposition is that a judgment based upon hearsay and incompetent evidence is defective and cannot be sustained. That may in a sense be true when properly raised in a case of that kind, but it has no significance here, and is too general to be considered.

[2, 3] The second proposition is so general as to state no concrete proposition of law. Of course appellee was required to prove his case. But if in making the proof the policy was not present, it was incumbent upon appellee to account for its absence or its loss, and then prove its existence or loss by secondary evidence. The evidence abundantly shows its existence and delivery and loss, and its contents, and all necessary steps were taken to account for its loss. Appellant filed no sworn plea denying its execution or existence. Hawkins, the insured, testified he destroyed it. Its contents were proven. It was shown to be a policy of workmen's compensation or industrial accident insurance.

[4] The liability of the insurer under one of these policies, as well as the provisions thereof, is fixed by law. Appellee received blanks, filled them out, and, after he made a statement to appellant, it commenced paying appellee fortnightly payments of compensation insurance, and continued these payments from the month of July up to December, 1921, voluntarily, before appellee resorted to the Industrial Accident Board to compel payments.

[5] Under the facts in this case, showing the conduct of appellant in making these

⟬⟭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

partial payments and its acquiescence, it does not lie in the mouth of appellant to now deny the issuance of this policy. It was in possession of its own books and records relating thereto, and, if it had not issued such a policy, it was in a position to make the proof, and its silence or failure to produce the evidence will be construed most strongly against appellant. Railway v. Day, 104 Tex. 237, 136 S. W. 435, 34 L. R. A. (N. S.) 111; Bank v. Burrus Mill Co. (Tex. Civ. App.) 207 S. W. 400. We have had occasion to follow that rule in two cases just decided by us at this term, to wit, Fort Worth & Denver City Ry. Co. v. Mrs. J. D. Stovall, Adm'x, 272 S. W. 594; and G., H. & S. A. Ry. Co. and H. & T. C. R. Co. v. W. J. Neville and S. M. Brightwell, 272 S. W. 597. We think the existence, loss, and contents of the alleged policy were properly accounted for and proven. Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025; Id. (Tex. Com. App.) 261 S. W. 137; U. S. F. & G. Co. v. Summers (Tex. Civ. App.) 262 S. W. 247.

[6] Appellant complains that the court erred in the definition he gave to the jury as follows:

"In this connection you are instructed that the term 'total incapacity' as used herein means disqualification from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment."

We find no fault with that definition of "total incapacity." It has been approved and held correct by the following authorities: Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464; Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316. In the case, In re Sullivan, 218 Mass. 141, 105 N. E. 463, reported in L. R. A. 1916A, 378, there is a very full annotation of authorities on the point. Workmen's Compensation Law, Huson, pp. 63, 64.

[7] Appellant complains that the court erred in submitting special issue No. 5, to the jury, "Will the total incapacity of the defendant, Edward Ginn, to work, if any there is, with reasonable probability continue as long as 290 weeks?" because it suggests to the jury the maximum amount of compensation the defendant might recover, and therefore is prejudicial to appellant's rights.

When this charge is considered, as it must be, in connection with the other charges on the same subject, it is apparent under that law that it is harmless if not correct. In Huson's Workmen's Compensation Law, p. 61 et seq. it is laid down that "in no case shall the period covered by compensation be greater than four hundred and one weeks." Article 5246—18, Vernon's Statutes, 1920 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—18.) The award made by the Board, that the appellant seeks to set aside, was for a continuing award not to exceed 401 weeks from the date of the injury. It makes no difference that the trial was de novo, the suit was to set aside that award. The jury found, in answer to the second issue, that on account of the injuries he was "totally incapacitated for work." They also found, in answer to the second question, that this total incapacity had "been continued up to the present time." Now the jury, having found total incapacity and that it had continued up to the time of the trial, the court propounded the fifth issue, Would such incapacity "with reasonable probability continue as long as 290 weeks"? This is the ultimate time fixed by the law in which compensation was provided for in such cases. The jury having found total incapacity that had continued to the trial, it would have been a work of supererogation to ask how long such a total disability would continue, especially so because, if appellee should recover his health before the expiration of the time limit, appellant would have the right, under the law, to review and correct any error so that no injury could result. The jury could not have been misled by the fifth issue. The court had given a correct definition of total disability. See Huson's Workmen's Compensation Law, pp. 63, 64. The jury found in the affirmative, and under this finding, independent of issue No. 5, appellee made out his case in support of the award, and the judgment based upon the jury's findings was correct. The jury could very well have answered "No" to the question. There is nothing suggestive on the part of the court's inquiry, or if it was leading it would not have been more than harmless error.

[8] There is no rule of practice that requires the court to refrain from preparing such charges, so long as it does not intimate to the jury just how the court desires the issue to be found. I. & G. N. Ry. Co. v. Jones et ux. (Tex. Civ. App.) 175 S. W. 488; Moore v. Miller (Tex. Civ. App.) 155 S. W. 573; D. Sullivan v. Ramsey (Tex. Civ. App.) 155 S. W. 582; O'Farrell v. O'Farrell, 56 Tex. Civ. App. 51, 119 S. W. 899. We overrule this assignment.

We find no reversible error assigned, and, believing the case fairly tried and justice administered, the judgment of the trial court is affirmed.